James Ferguson *vs.* George F. Cripps.

George F. Cripps *vs.* James Ferguson.

Third Judicial District, Bridgeport, April Term, 1913.
Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

The right of a party to set forth in his remonstrance to the acceptance of a committee's report, the rulings upon evidence made by the committee, is not waived merely because the remonstrant failed to comply with an invitation of the committee to the litigants to present such exceptions as they desired to pursue before the court, in order that they might be incorporated in his report.
It is for the committee to determine the weight of evidence, and there-

fore allegations in the remonstrance which challenge, in one form or another, the correctness of such determination, are insufficient and demurrable.

An allegation that a certain fact was found by the committee "without evidence and contrary to the evidence," implies that there was evidence upon the question pro and con, and is but another way of saying that the finding was contrary to the weight of evidence.

A partner who has withdrawn from time to time more than his fair share of the assets is properly chargeable, in an action of account between the partners, with interest on the excess from the date of the dissolution of the copartnership to the date of judgment.

In the present case the remonstrant alleged that the committee had stated that a further hearing and argument would be had before the report was filed, but that it was in fact filed without such hearing and argument, although admittedly not until after the committee had heard the arguments of counsel. *Held* that in the absence of any allegation as to the object of the further hearing and argument, or of any facts showing that the committee's failure in this respect had injured the remonstrant, this objection was insufficient.

An amendment of a remonstrance which merely reiterates, in different language, objections which have already been held insufficient, is properly denied.

It is within the discretion of the trial court to require a remonstrant to make his reasons or grounds of remonstrance more specific; and error cannot be predicated upon the court's action in such a matter.

Reference to a typewritten transcript of the stenographer's notes of the evidence taken before a committee may enable the trial judge to understand and rule upon questions which are otherwise insufficiently presented by a remonstrance, but if such transcript is not a part of the record, as in the present case, this court is not in the same situation and therefore cannot undertake to assert error in the action taken by the trial court.

Argued April 10th—decided July 25th, 1913.

COUNTER ACTIONS by partners each asking for an accounting and a recovery of the sum found to be due thereon, and one of them praying for the appointment of a receiver, brought to the Superior Court in New Haven County and referred to a committee who found and reported the facts, showing a balance due to Ferguson of $5,718; to the acceptance of this report Cripps

filed a remonstrance which the court, *Curtis, J.,* over-ruled, and, after a motion to file additional grounds of remonstrance had been denied (*Holcomb, J.*) and one to make the remonstrance more specific had been granted (*Greene, J.*), judgment was rendered (*Holcomb, J.*) for Ferguson for the foregoing sum together with interest thereon, amounting to $7,976, from which Cripps appealed. *No error.*

*George E. Beers* and *Charles H. Harriman,* for the appellant (Cripps).

*Howard C. Webb,* for the appellee (Ferguson).

THAYER, J. These cases have been tried as one, and will be so treated by us; Ferguson being referred to as the plaintiff and Cripps as the remonstrant.

The pleadings in each case show that a partnership, which had been dissolved, had existed between these parties from September, 1904, to July, 1906, and the only issue upon the pleadings was as to which, if either, partner was indebted to the other upon a proper state-ment of the partnership account, and the amount of the indebtedness. The cases were referred by the court to a committee for the trial of this issue. The principal questions before us relate to the court's rulings in sustaining demurrers to the remonstrance of Cripps to the acceptance of the committee's report. There was a demurrer to each paragraph of the remon-strance.

The first seventeen reasons of remonstrance were held insufficient by the court upon the original demurrer. The first demurrer to the remaining thirty reasons of remonstrance was based upon the fact that the rulings upon evidence therein complained of are not shown in the committee's report, although it there appears that

the parties were notified to present any exceptions to rulings upon evidence which they desired to raise before the court, that they might be incorporated in the report. The demurrer to these reasons upon this ground was properly overruled. It was not incumbent upon the remonstrant, if he desired to raise these questions, to present his exceptions to the committee and have the facts necessary to present them appear in the report, although this method, as was said in *Fox* v. *South Norwalk*, 85 Conn. 237, 239, 241; 82 Atl. 642, is a proper, and in many cases a desirable, one, for getting the facts upon the record. By failing to accept the committee's invitation to thus have his exceptions incorporated in the report, he did not waive his right to afterward present them by remonstrance in the usual way.

It will be unnecessary to consider in detail each of the seventeen reasons of remonstrance which were held to be insufficient by the trial court. In *Fox* v. *South Norwalk, supra,* 240, we said that a party claiming to be aggrieved by the conduct or rulings of a committee must "file a remonstrance against the acceptance of it [the report], and therein state specifically the rulings complained of, with such facts as it is claimed show their materiality to the issue before the committee, and that they were wrong and harmful to the remonstrant." Where the facts are thus spread upon the record, an issue of law or of fact may be presented for the determination of the court by demurrer or denial. It is not sufficient to allege that the committee erred in finding a certain fact from the evidence, or that the evidence did not support a fact found, or that such a fact was found contrary to the evidence, or without evidence and contrary to the evidence. A denial of such allegations as these would raise for the court's determination the issue whether the committee properly weighed the

evidence introduced before him. The weight of the evidence is for the committee, and his finding upon the evidence is conclusive upon the parties, and they cannot retry the question to the court. Most of the reasons of remonstrance were so framed as to present such a question. It is urged that an allegation that a fact was found without evidence and contrary to the evidence, is sufficient, because the finding of a fact without evidence is an error of law. One or two of the grounds of remonstrance were in this form. If it was intended by these that the fact was found without evidence, there was no propriety in saying that it was found contrary to the evidence. The language fairly implies that there was evidence bearing upon the fact found, and that, in the view of the remonstrant, it supported his side of the question and did not support the other, and that the finding should have been the other way. It is another way of saying that the finding was contrary to the weight of evidence.

As to the tenth reason of remonstrance, no facts are stated which show that it was illegal or improper for the committee to compute interest on the balance found due from the remonstrant to the plaintiff at the date of the dissolution. It does not appear that the committee did add interest to the sum found due, but, on the contrary, the report shows that no interest was so added.

The court in its judgment allowed interest on the amount found due by the committee from the date of the dissolution of the partnership. This was alleged as error in the appeal. We think that it was properly added. At the time of the dissolution it is found that the remonstrant had withdrawn more than $5,000 in excess of his portion of the assets of the concern. He has had the use of this, and the plaintiff has been deprived of the use of it since. It was proper to allow to

the plaintiff, as a part of his damages, the interest on the sum, of the use of which he has been deprived.

The seventeenth ground of appeal is that the committee stated that a further hearing and argument would be had before the report was filed, but that it was filed without such further hearing and argument. The report shows, and it is not denied, that the finding was made after the committee had heard the arguments of counsel. The remonstrance does not show to what the further hearing and argument were to relate, but presumably to the form of the report. No facts are stated showing that the remonstrant was injured by the failure of the committee to give a further hearing, and in the absence of such facts this ground of remonstrance was insufficient. The demurrer to the first seventeen grounds of remonstrance was properly sustained.

The remonstrant moved for leave to file additional reasons of remonstrance after the original demurrer had been decided. The so-called additional reasons were the same in substance as some of those which had been found insufficient on demurrer, and, while stated in different language, were not so stated as to avoid the objections to the original ones pointed out in the court's memorandum of decision upon that demurrer. Had the motion been granted, the reasons would have been subject to the same ruling upon another demurrer, and the motion was for this reason properly denied.

It was within the court's discretion to order the remonstrant to make more specific the thirty reasons of remonstrance remaining after the decision of the demurrer. Error cannot be predicated upon the court's action in granting the plaintiff's motion for such specific statement. The purpose of this motion was to get upon the record the precise rulings upon evidence complained of, so that they could be understood by the court and pleaded to by the other party. Instead of

stating the facts and rulings necessary for this purpose, counsel obtained permission of the court to make the reasons more specific by reference to a transcript of the stenographer's notes of evidence upon the hearing before the committee, and in compliance therewith made reference to more than two hundred pages of such transcript.  After such reference was made, the plaintiff again demurred to these reasons of remonstrance as amended, upon the ground that the rulings upon evidence therein appearing were correct, and, if not correct, were not harmful to the remonstrant.  This demurrer was sustained.  The transcript to which reference is made in the amendment appears to be that which was furnished to the parties during the hearing before the committee and belonging to them.  The remonstrant claims that this is no part of the record in this court.  Neither the transcript nor the facts referred to in the amended remonstrance are printed by him as a part of the record, and we are obliged to adopt his suggestion that they are not before us as a part of the record.  We cannot, from the printed references to the transcript appearing in the record, treat these portions of their private papers as a part of the record.  It appears, however, from the statement of counsel, that the transcript was before the trial court pursuant to its order to make the parts relied upon a part of the remonstrance.  That court, therefore, had before it, in ruling upon the demurrer, facts not appearing in the record in this court.  This irregular method of proceeding is not to be encouraged.  An adherence to the rules would have placed upon the record a brief statement showing the bearing of the ruling excepted to, the question objected to, and the ruling.  As the matter now comes before us, we cannot know, in the absence of the transcript of the evidence and proceedings before the committee, the precise questions upon

which the court acted in ruling upon the demurrer, and so cannot say that it erred in holding that the committee's rulings were either correct, or harmless to the remonstrant.

The other reasons of appeal were not discussed in the brief or in argument, and require no consideration. There is no error.

In this opinion the other judges concurred.