FRANK E. LALLEY *vs.* THE CITY OF BRIDGEPORT.

Third Judicial District, New Haven, June Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Where there is legal evidence before a committee, to whom the court has referred a matter, upon a contested fact, the weight of the evidence is for the committee, and his finding upon the evidence is conclusive upon the parties, and they cannot retry the question to the court.

In the absence of any allegation, in a remonstrance to a committee's report, that a material fact was found without evidence, or that there was a refusal or failure to find a material fact that was admitted or undisputed, or that a fact was found in language of doubtful meaning—there is no basis for an examination of the evidence by the court to determine whether or not the report should be recommitted for correction or further findings. Such basis is not furnished by a claim that a fact was found contrary to the weight of the evidence.

In an appeal by a lessee from an award of damages resulting from the extension of a street, the fact that in the appellant's lease there was a restrictive covenant as to its assignment, was relevant upon the question of the value of the lease, the extent to which such value was affected thereby being a question of fact to be determined under all the surrounding circumstances.

Submitted on briefs June 7th—decided July 22d, 1921.

APPLICATION in the nature of an appeal by the plaintiff from the action of the authorities of the defendant city in assessing the benefits and damages resulting to him from the extension of Middle Street in said city,

brought to the Superior Court in Fairfield County and referred to a committee who heard the parties and reported the facts; the court (*Keeler, J.*) sustained a demurrer to the plaintiff's remonstrance to the report of the committee, and (*Kellogg, J.*) accepted the report, which reduced the damages awarded to the plaintiff from $4,700 to $3,650, and rendered judgment in accordance therewith, from which he appealed. *No error.*

*Henry E. Shannon* and *Frank L. Wilder*, for. the appellant (plaintiff).

*William H. Comley* and *W. Parker Seeley*, for the appellee (defendant).

CURTIS, J.  In 1918 the city of Bridgeport extended Middle Street from Wall Street to State Street, and an assessment of benefits and damages was made by the board of appraisal of benefits and damages.  The plaintiff was the owner of a lease of a certain store which was taken by such extension.  The lease expired May 1st, 1921.  The board of appraisal awarded him damages to the amount of $4,700.  From this award he appealed to the Superior Court, which referred the matter to a committee, which reported the facts and awarded the plaintiff damages to the amount of $3,650.

The plaintiff filed a remonstrance against the acceptance of the report of the committee.  To this remonstrance the defendant demurred, and the court sustained the demurrer and accepted the report.  The remonstrance to the report included a transcript of all the evidence presented to the committee.  The evidence was presumably included in the remonstrance in support of the prayer that the report be recommitted for a further (or corrected) finding of facts.

In the plaintiff's appeal he claims, in effect, three

errors in the rulings of the Superior Court: first, that the court erred in accepting the report in the light of the facts found; second, that the court erred in finding that under the subordinate facts found the award of damage to the plaintiff by the committee was not so illogical and unsound as to be unwarranted by law; third, that the court erred in holding that the restrictive covenant in the plaintiff's lease requiring the written consent of the lessor to an assignment of the lease, was a fact that the committee might properly hold to affect the value of the lease.

There is no claim that any evidence was improperly admitted, or that any fact was found without evidence. Where there is legal evidence before the committee upon a contested fact, the weight of the evidence is for the committee, and his finding upon the evidence is conclusive upon the parties, and they cannot retry the question to the court. *Ferguson* v. *Cripps*, 87 Conn. 241, 245, 87 Atl. 792. This is true, although the entire evidence is made a part of the remonstrance.

The Superior Court held that the ultimate fact as to the value of the plaintiff's lease, found by the committee, was not so illogical and unsound a conclusion, from the subordinate facts found, as to be unwarranted by law. Our examination of the report of the committee discloses that the subordinate facts amply support the ultimate fact found as to the value of the lease. The lower court then examined the evidence and found that it was amply sufficient to support all the findings of fact of the committee, both subordinate and ultimate.

There was nothing in the remonstrance that required the court to review the evidence, to find whether or not the facts in the committee's report were sustained by the evidence. The remonstrance does not allege that any material fact was found without evidence, or that

there was a refusal or failure to find a material fact that was admitted or undisputed, or that any fact was found in language of doubtful meaning.

In the absence of such an allegation, there is no basis for an examination of the evidence by the court to determine whether or not the report should be recommitted for correction or further findings. A claim that a fact was found contrary to the weight of the evidence, is not a sufficient basis for such an examination of the evidence.

The Superior Court further held that the restrictive covenant in the lease to the plaintiff as to its assignment, was properly deemed by the committee as a relevant fact upon the question of the value of the lease. The fact that there was such a restrictive covenant in the lease was properly in evidence before the committee. To what extent, if at all, the restriction diminished the value of the lease, was a question of fact for the committee to determine under all the surrounding circumstances.

The fundamental complaint of the plaintiff is as to the weight that it conceives the committee attached, or failed to attach, to certain evidential facts, and the effect of such weight or lack of weight upon its finding of the ultimate fact—the value of the plaintiff's lease.

As we said in *Ferguson* v. *Cripps*, 87 Conn. 241, 245, 87 Atl. 792: "The weight of the evidence is for the committee, and his finding upon the evidence is conclusive upon the parties, and they cannot retry the question to the court."

There is no error.

In this opinion the other judges concurred.