## THE MORRIS JOSELOFF COMPANY *vs.* MORRIS SPIRT.

Third Judicial District, Bridgeport, April Term, 1922.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In an action to recover damages for nondelivery of goods purchased, loss of profits, loss to the plaintiff's business, and loss in the purchase of goods in place of those not delivered, are elements of special damage which must be alleged in order to warrant their recovery.

The disallowance of an amendment setting up items of special damage, presented three weeks after the trial of the cause, is a matter within the discretion of the trial court.

The defendant failed to deliver 50,000 pounds of sugar to the plaintiff as he had agreed to do, and the plaintiff sought to recover damages therefor. The contract price of this sugar was eighteen cents a pound, and the trial court, among other things, found that the plaintiff on March 27th, 1920, the date of the breach, and for several days thereafter, could have purchased an equal quantity of sugar in New York, the nearest wholesale market, at fourteen and one-quarter cents a pound, including the cost of its transportation to the contract place of delivery, and accordingly rendered judgment for the plaintiff for nominal damages only. *Held* that although this finding was not justified in its entirety by the evidence, its correction or elimination would not avail the plaintiff, inasmuch as it had wholly failed to prove that on March 27th, or on any day within a reasonable time thereafter, the wholesale market price of sugar was more than the contract price; and therefore that a judgment for nominal damages was the only one permissible upon the facts.

An expert upon the market price of sugar is entitled to refresh his recollection by reference to a book containing quotations by a refining company of prices of sugar during the time in question; and an objection that the matter in issue concerns the market price of sugar for immediate delivery, rather than price quotations, goes to the weight rather than the admissibility of the expert's evidence.

A conviction for violating a Federal statute regulating the production, conservation and distribution of food products and fuel, does not involve moral turpitude nor affect the credibility of a witness.

When admissible to affect the credibility of a witness, a conviction of crime must be proved by the record and not by cross-examination of the witness.

Argued April 11th—decided June 3d, 1922.

ACTION by an alleged purchaser of eight hundred bags of sugar, to recover damages for its nondelivery, brought to and tried by the Superior Court in New Haven County, *Avery, J.;* judgment for the plaintiff for nominal damages only ($25), from which it appealed. *No error.*

The plaintiff operated a chain of grocery stores in Waterbury, and on March 22d, 1920, requested defendant, a retired wholesale grocer, to purchase sugar for it. Defendant contracted to purchase of the Paragon Sales Corporation one thousand bags of sugar. Defendant on March 25th, 1920, notified plaintiff that he had purchased one thousand bags of sugar, and offered to sell and did sell plaintiff five hundred bags, with the right upon the part of the plaintiff to increase the purchase to eight hundred bags. Thereupon plaintiff and defendant entered into a contract by which defendant agreed to sell plaintiff five hundred bags, 100 pounds each, fine granulated sugar, ground by the American Sugar Refining Company, to be delivered upon a car in New York not later than March 27th, for the price of 18 cents per pound net, f. o. b. Waterbury. The defendant further agreed to give plaintiff the privilege of increasing the quantity of sugar purchased from 500 to 800 bags, and plaintiff contracted to purchase this sugar upon these terms. The plaintiff did not exercise his right to increase his purchase to 800 bags.

Defendant, on March 27th, notified plaintiff that the firm from which he had purchased the sugar had refused to deliver the same to him, and that he would be unable to deliver the sugar as agreed, and he did not, on March 27th or at any time, deliver any part of said sugar to plaintiff. Defendant broke his contract on March 27th.

The market value of said sugar from March 27th to

April 1st, 1920, was 14 cents per pound, and the market value of such sugar did not reach 18 cents per pound until after May 1st, 1921. There was an available wholesale market for such sugar on March 27th and April 1st. Plaintiff purchased of the American Sugar Refining Company on April 1st, 1920, 350 bags of sugar at 14 cents per pound, and made its next attempt to purchase such sugar at the nearest wholesale market, New York City, on April 13th, 1920. The cost of transporting such sugar from New York to Waterbury was one-quarter of a cent per pound, and the market value of such sugar on March 27th and until April 1st, 1920, including the freight thereon, was 14¼ cents per pound.

The plaintiff did not introduce any evidence whatsoever to establish the market value of such sugar on March 27th, 1920, or any evidence whatsoever as to the market value of such sugar prior to April 9th, 1920. The market for such sugar was rising during March and April, 1920.

The trial court concluded that the contract was broken on March 27th, and that the measure of damages was the difference between the contract price and the wholesale market price on the date of breach, and that as such market price had not been shown to be more than the contract price, the plaintiff was entitled only to nominal damages.

*John H. Cassidy,* for the appellant (plaintiff).

*Francis T. Reeves* and *James M. Lynch,* for the appellee (defendant).

WHEELER, C. J. Unless the finding be corrected in such way as to affect the judgment rendered, the appeal must fail. Plaintiff's claim to recover loss of profits, loss to its business, and loss in the purchase of

Porto Rican sugar in place of the sugar which defendant did not deliver, set forth elements of special damage, each one of which must have been alleged in order to support a recovery therefor. *Tomlinson* v. *Derby*, 43 Conn. 562; *Coast Central Mill Co.* v. *Russell Lumber Co.*, 88 Conn. 109, 112, 89 Atl. 898. The complaint in this case sets forth a breach of contract for failure to deliver the sugar contracted for, and claims general damages, but does not allege any special damage suf-·fered in consequence of the breach.

Plaintiff's exception to the court's finding that the plaintiff did not avail itself of its privilege to increase the quantity of sugar purchased from 500 to 800 bags, is not well taken. Equally without merit is the exception to the court's finding that the breach of this contract occurred on March 27th, 1920.

The measure of damages in this case, under General Statutes, § 4733, is "the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered." This section was declaratory of our common law. The market price was to be ascertained in the nearest wholesale market, New York City, on the date of breach, March 27th, 1920, if there was a market at this time. The trial court finds the price of said sugar on March 27th, 1920, and on April 1st, 1920, was 14 cents per pound in New York City. This was the quoted price, and the sugar could be bought in limited quantity, not to exceed 100 bags, at the quoted price. But the salesman of the American Sugar Company candidly testified that 500 bags could not then be purchased at one time. So that we do not think the court was authorized in finding that plaintiff could have purchased 500 bags of American Sugar Refining Company sugar such as this contract called for, at 14 cents on either of these dates. Nor do we think that in view of

the testimony of the representative of the Sugar Company, that the court was justified in finding that there was an available wholesale market for the purchase of 500 bags of such sugar on March 27th and April 1st, 1920. But we think the court was entirely right in its conclusion that it had not been shown that the wholesale market price was more than the contract price on or about March 27th, 1920. The finding that plaintiff made no effort after April 1st, 1920, to purchase sugar in New York until the 13th of the same month, is fully supported by the evidence.

The only evidence before the court of the price of sugar between March 27th and April 9th, 1920, was the quotation of the price of the American Sugar Refining Company of 14 cents per pound, and the sale by that Company on April 1st, 1920, of 350 bags of sugar at 14 cents per pound to plaintiff. This evidence, in view of the salesman's testimony that 500 bags could not then have been bought, was insufficient to warrant a finding that the 500 bags could have then been purchased for immediate delivery at 14 cents per pound. But it was practically all the evidence before the court of the price of this sugar between these dates. The plaintiff failed to prove any damage on the date of breach, or on any day within a reasonable time therefrom, and the judgment for nominal damages was the only judgment which, upon the facts, could have been rendered.

Three weeks after the trial, plaintiff presented an amendment of its complaint, setting up certain items of special damage as within the "special circumstances showing proximate damages of a greater amount," allowed under General Statutes, § 4733. The court's ruling disallowing the amendment is assigned as error. Upon the facts of record, the matter was within the discretion of the trial court. *McMahon* v. *Plumb*, 90

Conn. 281, 96 Atl. 958; *Verdi* v. *Donahue,* 91 Conn. 448, 453, 99 Atl. 1041.

Two rulings on evidence are pressed in the appeal. Defendant introduced the head salesman in Connecticut of the American Sugar Refining Company, who was familiar with the market price of sugar in March and April, 1920, and inquired of him as to the market price of sugar of the American Sugar Refining Company on or about March 27th, 1920. The witness proceeded to use a book of this company containing quotations of prices of sugar during these months. The court permitted the witness to refresh his recollection by reference to this book. The question was objected to because it called for quotations instead of the market value for immediate delivery. The court ruled that the witness was a qualified expert and familiar with the market price of sugar, and that the objection went to the weight rather than the admissibility of the evidence and that this could be tested upon cross-examination. The ruling was correct.

Defendant testified in his own behalf. On cross-examination, to test the witness' credibility, he was inquired of if he had been convicted of violating the Lever Act. On objection the question was excluded, and this ruling was likewise correct. Offenses punishable under an Act for the Conservation and Distribution of Food, approved August 10th, 1917, and popularly called the "Lever Act" (40 U. S. Stat. at Large, p. 267), do not fall within the class of crimes a conviction of which will affect the credibility of a witness. *State* v. *Randolph,* 24 Conn. 363; *Drazen* v. *New Haven Taxicab Co.,* 95 Conn. 500, 111 Atl. 861. Further, if the fact of conviction had been admissible to affect the credibility of the witness, it must have been proved by the record of conviction and not upon cross-examination. *Shailer* v. *Bullock,* 78 Conn. 65, 61

Atl. 65; *Dore* v. *Babcock*, 74 Conn. 425, 430, 50 Atl. 1016; *Drazen* v. *New Haven Taxicab Co.*, 95 Conn. 500, 503, 111 Atl. 861.

Other assignments of error are without merit.

There is no error.

In this opinion the other judges concurred, except GAGER, J., who concurred in the result, but died before the opinion was written.