GORALNIK HAT COMPANY *vs.* THE DELOHERY HAT COMPANY.

Third Judicial District, New Haven, January Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A committee or referee has power merely to hear the evidence and report the facts to the court; his holding upon a matter of law is no proper part of his report and will be wholly disregarded.

A defendant who contends that under a complaint asking for general damages only, substantial damages are not recoverable, should object to the evidence tending to prove such damages when offered before the referee, and, if such objection be overruled, should incorporate such ruling in due form in his remonstrance to the acceptance of the report.

A contract to sell goods thereafter to be manufactured is a contract of sale, and the measure of damages for the seller's wrongful neglect or refusal to deliver, when there is an available market, is the difference between the contract price and the market or current price of the goods at the time or times when they should have been delivered.

Evidence of what other manufacturers in the locality making like goods, sold them for at the time of the alleged breach of contract by the defendant, is relevant and admissible as tending to prove the current or market price of the goods in question in that market at that time.

In order to raise a triable issue respecting any material fact found or not found in a committee's report, the remonstrance must allege, either that the committee found the fact without evidence, or that he failed or refused to find the fact which was admitted or undisputed. Such issue cannot be presented merely by an assertion that the finding in question was contrary to the weight of conflicting evidence.

The report of a referee should set forth the claims of law made by the

parties, in order that, if desired, they may be determined by the court. But if there is no basis in the report or in appropriate allegations in the remonstrance for sustaining such claims of law as are asserted to have been made, their omission from the report is harmless, and the remonstrance may be demurred to on that ground.

Argued January 17th—decided March 1st, 1923.

ACTION to recover damages for defendant's breach of contract to deliver hat bodies to the plaintiff pursuant to its orders, brought to the Superior Court in Fairfield County and referred to a State Referee who found and reported the facts; the court, *Webb, J.,* overruled a remonstrance to the report of the committee, accepted the report, and afterward rendered judgment (*Avery, J.*) for the plaintiff for $13,567, from which the defendant appealed. *No error.*

*Arthur B. O'Keefe* and *William H. Cable,* for the appellant (defendant).

*Thomas Hewes* and *Richard H. Phillips,* for the appellee (plaintiff).

CURTIS, J. The referee found these facts: On or about July 9th, 1919, plaintiff and defendant agreed between them that the defendant should manufacture and sell to the plaintiff hat bodies to any number which the plaintiff should order from time to time, and should deliver the same to the plaintiff at the rate of fifty to seventy-five dozen per week, and that the plaintiff should accept the same and pay therefor at a specified price per dozen.

The hat bodies to be ordered were what are known as "regulars" and "staples"; the regulars being of the shape ordinarily sold in the hat stores in this State. The staples have higher crowns or wider brims, or both, than the regulars, and are more generally worn in the southern and western States, and are known by such

names as High Roller, Big Four, Dakota, Malta, Laloo, Columbia and South.

Between July 18th and October 1st, 1919, the plaintiff placed orders with the defendant for two thousand three hundred dozen hat bodies, which orders the defendant accepted, the prices to be paid the defendant being mutually agreed upon between them. Of the hat bodies ordered by the plaintiff the defendant delivered six hundred twelve and eleven twelfths dozens, and no more, none being delivered after October 24th, 1919. On November 12th, 1919, the defendant, by letter mailed to the plaintiff, informed the plaintiff that it canceled all unfilled orders then amounting to one thousand six hundred eighty-six and eight twelfths dozens. The referee further found that on November 12th, 1919, the difference between the contract prices of the undelivered hat bodies and the prices thereof in the market on that day aggregated $11,533.52, and that this amount was the damage which the plaintiff sustained on November 12th, 1919, by reason of the cancellation of said orders by the defendant on that date, with interest thereon. The complaint alleged, in substance, the facts as found by the referee.

The defendant remonstrated in paragraphs one and two because the referee had not found that the plaintiff was entitled to nominal damages only, when the complaint contained no allegation of special damages. This is a remonstrance against a ruling of the referee upon a question of law. The referee has power merely to hear and report to the court the facts in the case referred to him. Public Acts of 1921, Chap. 23, § 1. Whether the referee so held or not is immaterial. His holding upon a matter of law is no proper part of his report and will be wholly disregarded.

The demurrer to these paragraphs went to the merits of the referee's holding upon a matter of law

as alleged in the remonstrance, and is likewise taken under a misconception of the power of the referee. The defendant's claim, that under the complaint and its demand for general damages only, substantial damages could not be awarded the plaintiff, should have been raised by an objection to evidence tending to prove such damages when offered before the referee, and, if overruled, by incorporating such ruling in due form in the remonstrance. A similar ruling must be had as to the demurrer to paragraphs three and four of the remonstrance. These paragraphs, as well as paragraphs one and two, state rulings of law made by the referee which have no proper place in the report. Were this claim as to the law properly before us, we must have held that evidence of substantial damages was properly received in evidence by the referee and the facts found therefrom properly found under the terms of the complaint.

The contract to sell goods to be manufactured was a contract of sale; General Statutes, § 4671; and the Sales Act, § 4733, provides that where, in a contract of sale, the seller wrongfully neglects or refuses to deliver the goods, the measure of damages for non-delivery, where there is an available market, ordinarily is "the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered." The defendant claims that the case of *Joseloff Co.* v. *Spirt,* 97 Conn. 447, 117 Atl. 523, supports its claim that under the complaint nominal damages only could be allowed the plaintiff. This is a total misapprehension of that case, which fully supports the position that under a claim for general damages the above statutory measure of damages provided for in the Sales Act may be recovered.

Upon the trial before the referee, as appears by the

fifth and sixth grounds of remonstrance, two witnesses were produced by the plaintiff who were connected with other hat manufacturing companies in Danbury dealing in the kind of hat bodies contracted for, and against the defendant's objection they were permitted to testify as to the prices at which hat bodies of the kind involved in this contract were sold by their companies at the time of the breach of this contract. This evidence was received as relevant to prove the market or current price for the hat bodies contracted for, in the market for hat bodies at Danbury. The plaintiff demurred to these grounds of remonstrance upon the ground that the rulings were correct. In Abbott's Trial Evidence (2d Ed.) p. 381, the author states the following rule: "The market value at a given time and place may be proved by evidence of actual sales then and there of merchandise of the same quality." The author cites abundant authority. In 22 Corpus Juris, p. 187, § 151, the rule is stated as follows: "The price realized on actual sales made in the usual and customary manner may be shown as a fundamental test of market value." It states further that "it does not require a great number of sales to establish market value in a particular locality." Wigmore on Evidence (Vol. 1, § 463, p. 576) states, in effect, that the price obtained at a sale of other property, substantially similar in condition, is relevant and admissible as evidence of the market price of the property in question, and that "except in a few jurisdictions, this class of evidence is received." We have ruled as follows: "The market value of any goods may be shown by actual sales in the way of ordinary business." *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473, 482, 35 Atl. 521. There was no error, therefore, on the part of the referee in receiving the testimony of these witnesses, and taking it into consideration in finding the facts, and

the demurrers to these grounds of remonstrance were properly sustained. ·

In its answer the defendant alleged the following affirmative fact: "4. Thereafter, to wit on or about January 6, 1920, the defendant and the plaintiff, at the factory of the defendant at Danbury, Connecticut, entered into an oral agreement under the terms of which each party agreed to release the other from all claims or demands under said alleged contract or contracts referred to in the plaintiff's complaint." The plaintiff denied this allegation. The referee found that this allegation was not proven and that it was untrue. The defendant alleged as its seventh ground of remonstrance: "7. The committee erred in neglecting and refusing to incorporate and set forth in said report the subordinate facts upon which the committee based its conclusion as set forth in paragraph 11 of the finding." Paragraph 11 of the finding recites that the above allegation of the answer was not proven. This allegation apparently called primarily for direct evidence *pro* and *con* as to the making of the oral agreement alleged. It is difficult to imagine the existence of a series of subordinate evidential facts from which the conclusion might be drawn that the contract of release alleged was made. If it was the claim of the defendant that such was the case, it should have alleged such facts as material facts which were admitted or undisputed, and from which the only conclusion that could be reasonably and logically drawn was that the allegation of paragraph four of the answer was proven. That allegation would have permitted a denial and a trial of such an issue. If, on the other hand, the defendant merely proposed to claim that the finding of the referee, that paragraph four of the answer was not proven, was contrary to the weight of conflicting evidence, then the allegation presented no permissible issue. There

must be an allegation in a remonstrance that the referee found a material fact without evidence, or that he refused or failed to find a material fact that was admitted or undisputed, to raise a triable issue in reference to any fact found or not found. *Lalley* v. *Bridgeport,* 96 Conn. 501, 114 Atl. 678. The demurrer to the seventh ground of remonstrance was properly sustained.

The eighth, ninth, tenth, eleventh and twelfth grounds of remonstrance are, that the referee erred in not setting forth certain claims of law which the defendant claims to have made, to the effect that as a matter of law the plaintiff waived further performance of the contract, that the plaintiff released the defendant from all claims under the contract, and that it was an express condition of the contract that its performance was dependent upon the noninterference of the United Hatters of North America.

The plaintiff demurs to these grounds of remonstrance because it does not appear therein that the defendant is harmed by such failure on the part of the referee. The referee should have incorporated in his report such claims of law, if any, as were made by the parties and which either party desires to have determined by the court. Reference to the facts found in the report discloses that there was no basis in the report from which these claims of law could have been sustained, nor is there any such basis claimed by appropriate allegations in the remonstrance, hence the plaintiff's demurrer to these grounds of remonstrance for the reason set forth above was well taken.

The demurrers to all the grounds of remonstrance were therefore properly sustained, the report accepted and judgment properly rendered.

There is no error.

In this opinion the other judges concurred.