THE STATE OF CONNECTICUT AND THE STATE PARK AND
FOREST COMMISSION *vs.* THE GIANT'S NECK
LAND AND IMPROVEMENT COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 3d—decided May 1st, 1934.

*Bernard A. Kosicki,* Assistant Attorney-General, with whom, on the brief, was *Warren B. Burrows,* Attorney-General, for the appellants (plaintiffs).

*Arthur M. Brown,* with whom, on the brief, was *Charles V. James,* for the appellee (defendant).

. MALTBIE, C. J. This is a proceeding brought to determine the compensation due the defendant for certain land taken for the use of the state park and forest commission. The matter was referred to a state referee. He filed a report in which, aside from certain statements of a formal character as to the taking of the land and the inability of the parties to agree upon the price to be paid for it, he simply found that the defendant had sustained damages by the taking to the amount of $14,500, and appraised the damages to be paid at that sum. The plaintiffs remonstrated against the acceptance of the report; the defendant demurred to the remonstrance; the trial court sustained the demurrer; and from the judgment accepting the report the plaintiffs have appealed.

Aside from certain rulings upon evidence, the plaintiffs were by their remonstrance seeking two main objects, first, to attack the finding of the referee as to the damages suffered by the defendant on the ground that they were excessive and, secondly, to present to the court for review the question whether the referee, in determining the amount of the damages, had taken into consideration certain elements not properly to be regarded, particularly the effect of the taking of the land in question upon the value of other land owned by the defendant and the possibility of the use of the land taken for development and sale as building lots. The form of the remonstrance and the demurrer both indicate a misapprehension as to the proper methods of procedure to present to the court the real issues which the plaintiffs desired to have determined.

The referee made a definite finding as to the amount of damages suffered by the defendant. The plaintiffs

might have remonstrated against the acceptance of the report upon the ground that this finding was without evidence to support it. Practice Book, p. 266, § 102. The trial court should then have examined the evidence to see whether there was evidence which, considered in the light of the situation of the property and the applicable rules of law, afforded reasonable support to the finding of the referee. Instead of asking the court to review the finding of the referee upon that basis, the remonstrance alleged that the amount of damages awarded was "excessively high and contrary to the evidence." Such an allegation is but a request to the trial court to weigh the evidence in support of and contrary to the finding of the referee. *Ferguson* v. *Cripps,* 87 Conn. 241, 245, 87 Atl. 792. The ground of remonstrance was improper. *Lalley* v. *Bridgeport,* 96 Conn. 501, 503, 114 Atl. 678. The demurrer contained a paragraph, which, had it been addressed to this aspect of the remonstrance, should have been sustained; but the demurrer was addressed to the remonstrance as a whole, this ground was clearly insufficient as regards other grounds of remonstrance, and therefore it afforded no support to the decision sustaining the demurrer as a whole. *Thompson* v. *Main,* 102 Conn. 640, 129 Atl. 786; *Water Commissioners* v. *Robbins,* 82 Conn. 623, 633, 74 Atl. 938; *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 588, 169 Atl. 915.

Two of the paragraphs of the remonstrance were to the effect that the referee failed to find certain facts set out in them, which the plaintiffs alleged to be necessary to enable the court to render judgment on the issues. While these facts seem to be matters as to which there was no dispute, the remonstrance did not so allege and hence afforded the trial court no basis upon which it might add them to the finding. Practice Book, p. 266, § 102. Instead it left these matters

under its general claim that the report be rejected or recommitted for a further finding in accordance with the remonstrance. One of these paragraphs consisted merely of a statement of the price paid by the State for certain land bought by it contiguous to the tract in question. Such a fact was purely evidential and would have no proper place in the report of the referee. *Walsh* v. *Hayes*, 72 Conn. 397, 44 Atl. 725; *Meech* v. *Malcolm*, 88 Conn. 720, 92 Atl. 657. The other facts which the remonstrants sought to add were merely descriptive of the property taken. They would be material only as bearing upon the finding of the referee as to the amount of damages due to the defendant and as the remonstrance did not properly present that issue, no purpose would have been served by including them in the report. Both paragraphs of the remonstrance seeking these additions were demurrable, but the demurrer filed did not reach the defects in them.

Another paragraph of the remonstrance set up that the referee failed to state the basis of his award of damages, more particularly, that he failed to state whether he included damages to other land of the defendant and whether he determined the damages upon the basis that the land taken represented building lots or that it was undeveloped; that the referee failed to find that the land was not developed or available for sale or use for building purposes in its condition at the time of the taking and that he failed to find that the evidence as to value presented by the defendant was based upon conditions which did not exist at the time the land was taken. If a committee or referee has no reason to believe that any question will arise in connection with the acceptance of his report as to rulings or conclusions entering into his ultimate findings of facts, he may properly confine the report to such findings. *Fox* v. *South Norwalk*, 85

Conn. 237, 239, 82 Atl. 642. Where, however, he has reason to believe that such questions may arise, he may make a finding of the subordinate facts and state his conclusions and rulings thereon; *Meriden* v. *Zwalniski*, 88 Conn. 427, 91 Atl. 439; indeed, in such a case this is much the better practice, because it simplifies greatly the procedure and hastens the ultimate decision. When the referee or committee does find only the ultimate facts, any party thinking himself aggrieved has the right to have the facts necessary to present the questions he desires to raise made a part of the finding, with a statement of the referee's conclusions from and rulings upon them. *Gustafson* v. *Rustemeyer*, 70 Conn. 125, 39 Atl. 104; *Commonwealth Fuel Co.* v. *McNeil*, 103 Conn. 390, 404, 130 Atl. 794; *Hoyt* v. *Stamford*, 116 Conn. 402, 406, 165 Atl. 357. That the plaintiffs did not request the referee to make these findings or state his rulings before the report was filed, did not preclude their seeking the necessary additions by means of a remonstrance. *Alishausky* v. *MacDonald*, 117 Conn. 138, 168 Atl. 69, does not hold to the contrary. There the remonstrance sought a recommittal of a report to have added to it the plaintiff's claims of law made before the referee and, as he had not requested the referee to state them in the report, we held that he could not seek a recommittal to have them added. An effort to have the report recommitted for a statement of the referee's rulings and the facts relevant to them presents an entirely different situation.

Where, as in this case, a necessary basis for reviewing the rulings of a committee or referee is the importation into the record of the facts upon which those rulings are based, the party aggrieved has two courses open to him. If such facts are admitted or undisputed, he may ask the trial court itself to add them

to the finding. If, however, a finding as to some or all of them must be based upon conflicting evidence, he should seek a recommittal of the report. A remonstrance seeking relief of this nature should either state the particular facts the remonstrant seeks to have added to the finding or indicate them with reasonable certainty, so that the trial court can determine their relevancy and the referee can know the matters upon which a finding is desired. The evidence attached to a remonstrance seeking a recommittal for this purpose enables the trial court to determine whether there was evidence before the referee from which he might reasonably find facts necessary to present the rulings. If the court finds that there is such evidence, in the absence of some countervailing circumstance, it should recommit the report so as to enable the remonstrant to present to it the correctness of the rulings of the referee. *Walz* v. *Bennett,* 95 Conn. 537, 540, 111 Atl. 834; *Persky* v. *Puglisi,* 101 Conn. 658, 662, 127 Atl. 351. The paragraph of the remonstrance we are now considering did not, however, state any particular facts which the plaintiffs sought to have added to the report or indicate with reasonable certainty the matters as to which they desired a finding. It was, therefore, defective in seeking further findings and in their absence there would be no basis for a review of the rulings of the referee referred to in it. While one ground of demurrer was addressed to this paragraph of the remonstrance, it stated no sufficient reason for holding it insufficient.

The remaining grounds of the remonstrance seek to present certain rulings upon evidence made by the referee. A remonstrance, in order to present a ruling by a committee or referee, should state it as is required to be done in findings of a trial court upon appeal to this court. See Rules for Appellate Procedure, 1930,

§ 14. The remonstrance before us failed properly to present any rulings upon evidence and, while no ground of the demurrer was directed to them, the trial court might properly have disregarded this portion of the remonstrance.

We have reviewed at length the procedure adopted in this case in order to point out a correct procedure to secure a review by the court of the actions and rulings of a committee or referee. The upshot of the matter is that the remonstrance was defective in the respects indicated but the demurrer failed to specify a sufficient ground for so holding.

There is error and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.