SIDNEY EDER
vs.
LIQUOR CONTROL COMMISSION

Superior Court        Fairfield County        File #46923

Present:  Hon. JOHN RUFUS BOOTH, Judge.

Arthur Klein,
Jackson Palmer,                    Attorneys for the Appellant.

Edward J. Daly, Atty.-Gen.,    Attorney for the Appellee.

## MEMORANDUM FILED APRIL 2, 1935.

BOOTH (JOHN RUFUS), J.  The action is an appeal from an order of the Liquor Control Commission denying the application of the plaintiff, Sidney Eder, for a wholesaler's permit to sell alcoholic liquors.  The matter was referred to a State Referee, who found that the applicant was a suitable person to receive such permit, and that the place where the business is proposed to be conducted is a suitable place for such a business.  He also found that in his application for a permit the appellant had designated Cohen Brothers of Green-wich, Inc., as the backer of such business.  He further found that Meyer Cohen was a stockholder in the aforesaid corpora-tion.  He still further found that Meyer Cohen is engaged in the sale of liquors by virtue of a package store permit issued to him in his individual capacity, and left to the Court to decide, as a matter of law, whether **Section 703-B** of the liq-uor control act prohibits a corporation from acting as a backer of a wholesaler permittee when one of its stockholders is the holder of a package store permit from the Liquor Control Commission.

The appellee has filed a remonstrance to this report, which remonstrance is divided into three parts.  The first is an at-tempt to attack the report on the ground that it does not contain all the facts necessary to enable the remonstrant to properly present its claims.  The second is an attempt to at-tack the report on the ground that it omits to find a certain

admitted or undisputed fact claimed to be material. The third is an attempt to attack the report on the ground that it should not be accepted for a certain stated reason alleged to be apparent upon its face.

To this remonstrance the appellant has filed a demurrer, which is addressed to the remonstrance as a whole. While it is possible that some, if not all, of the grounds of remonstrance are demurrable, the form of demurrer filed does not permit that it be sustained to the whole remonstrance on any of the grounds urged. This precise point was before the Supreme Court in **State vs. Giant's Neck Land & Improvement Co., 118 Conn. 350,** where it was held error to sustain a demurrer which was addressed to a remonstrance as a whole where no single ground thereof reached each ground of remonstrance.

Whatever the decision may eventually be upon proper pleading, this demurrer is overruled for the reasons indicated.