THOMAS DOROTZAK ET AL. v. G. ALBERT HILL,
STATE HIGHWAY COMMISSIONER

SUPERIOR COURT     TOLLAND COUNTY     FILE No. 5330

Memorandum filed February 14, 1950.

*Raymond A. Johnson* and *Buckley, Creedon, Danaher & Gallivan,* of Hartford, for the Plaintiffs.

*William L. Hadden,* Attorney General, and *Jack Rubin,* Assistant Attorney General, of Hartford, for the Defendant.

KING, J. The plaintiffs, husband and wife, appealed to the Superior Court for Tolland County from an assessment of benefits and damages made by the defendant highway commissioner for the taking of access rights in property owned by them in the town of Willington, in connection with the Wilbur

Cross Parkway. The appeal was dated February 10, 1948, and made returnable to the first Tuesday of March, 1948. The defendant assessed benefits at zero, and damages at $25,000, the net effect of which was to allow the plaintiffs $25,000 for the property condemned.

Upon issue joined, the appeal was referred to a state referee, who heard the evidence and on June 8, 1949, filed his report (No. 6 in file) increasing the assessment to $27,500.

On June 28, 1949, a remonstrance (No. 7) was filed remonstrating against the acceptance of the report on two grounds, each of which claimed certain facts in the report were found without evidence.

On October 20, 1949, a so-called "Amendment to Remonstrance to Report of State Referee Dated June 7, 1949" (No. 9) was filed (which was further amended (No. 10 A) on November 4, 1949) substituting a long list of grounds of remonstrance for the two set forth in the original remonstrance (No. 7).

The defendant demurred to this amended remonstrance (No. 10) and this demurrer was sustained on two grounds in a Memorandum of Decision (No. 11) filed November 15, 1949.

On November 23, 1949, the pending Motion for Judgment (No. 12) was filed by the defendant.

On November 30, 1949, an "Amendment to Remonstrance (Dated June 27, 1949)" (No. 13) was filed without leave of court notwithstanding the pending "Motion for Judgment". See General Statutes §§ 7817 and 7843.

Lastly, on December 15, 1949, the instant "Motion for Leave to File Amending and Substitute Reasons of Remonstrance" (No. 14) was filed seeking permission to file No. 13.

The present hearing is on the defendant's "Motion for Judgment" (No. 12) and the plaintiffs' motion No. 14.

In a memorandum of law mailed to the court under date of January 14, 1950, the plaintiffs claim that a proper exercise of the court's discretion would be to allow the amendment so that the ultimate claims of the plaintiffs could be passed upon, especially since the right of the plaintiffs to damages is guaranteed by the constitution.

The defendant claims that after a demurrer is once sustained (since this proceeding is not a civil action) there is no right to plead further and no power in the court to permit any further pleading. Secondarily the defendant claims that if the court has such power it would be an improper exercise of discretion to permit such further pleading here.

The defendant correctly points out in an excellent trial brief filed under date of January 12, 1950, that this is no ordinary civil action, that in effect it is an appeal after a full hearing before the referee (General Statutes § 2267), and that the procedure under it is governed by §§ 178 and 167 to 176 of the Practice Book and General Statutes § 2264 through § 2268.

The last sentence of Practice Book § 176 applies to the disposition of the instant motions. It provides that after a hearing on a demurrer to a remonstrance the court may "render judgment accepting the report and determining the issues or take such other action as it may determine to be proper." This obviously gives the court discretion to permit further pleading after demurrer sustained, and disposes of any claim that as matter of law it lacks power so to do. *Ferguson* v. *Cripps,* 87 Conn. 241, 246.

The remaining question is whether, under the facts obtaining here, such discretion should be exercised to permit the filing of the amended remonstrance.

The demurrer was sustained because of the failure of the plaintiffs to comply with the provisions of Practice Book § 173 in their statement of grounds of remonstrance. Thus the plaintiffs' claims of law as to the referee's report have not as yet been heard upon the merits by the court.

In the ordinary civil action in Connecticut it not infrequently happens that the pleadings are not settled much before the close of the evidence. Whatever may be thought of the efficiency or desirability of such practice it is obviously here and here to stay. Indeed the power to restrain the amendment or alteration of pleadings (§ 7852, last sentence) is to be sparingly exercised, especially where, as here, due to procedural errors no court determination of the basic claim has been had. *Newman* v. *Golden,* 108 Conn. 676, 679. And it is hardly necessary to point out that under our procedure the known legal ability of a particular state referee cannot be allowed to influence the Superior Court toward refusing to review that referee's legal conclusions.

· As a further ground for restricting the right of amendment, the defendant points to the fact that simple interest at 6 per cent is allowed from the date of the filing of the original assessment. *Clark* v. *Cox,* 134 Conn. 226, 229. This argument loses force when it is recalled that an increase in the amount of interest occurs in almost every case (except a personal injury case) where there are procedural delays in its disposition.

Especially in view of the fact that the plaintiffs have never had their claims of law passed upon by the Superior Court (a necessary prerequisite to having them passed upon by the Supreme Court of Errors) since the demurrer was sustained on procedural grounds, the court believes that its discretion is best exercised by granting the plaintiffs a further opportunity to file a remonstrance in proper form. This would most certainly be the case in the ordinary civil action, and the court is of the opinion that analogous considerations should apply here.

The "Motion for Judgment" (No. 12) is denied; and the "Motion for Leave to File Amending and Substitute Reasons of Remonstrance (No. 14) is granted.