BETH LAND REALTY COMPANY, INC. *v.* G. ALBERT HILL,
STATE HIGHWAY COMMISSIONER

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 85783

Memorandum filed October 7, 1953.

*Jules C. Simon* and *Philip Reich,* both of Bridge-
port, for the Plaintiff.

*William L. Beers,* Attorney General, and *Jack
Rubin,* Assistant Attorney General, of Hartford, for
the Defendant.

KING, J. The plaintiff's land was taken by the de-
fendant highway commissioner by certificate of con-
demnation filed November 26, 1951. The determina-
tion of the amount of damages was referred to a
state referee, who ultimately filed his report on July
20, 1953, awarding the plaintiff damages in the
amount of $26,400.

On September 2, 1953, the plaintiff filed with the
referee a motion for extension of time in which to
file a motion to correct the finding under Practice
Book, § 178. This motion was granted by the referee
on or about September 30, 1953.

On September 18, 1953, the defendant filed a mo-
tion for judgment on the report. At the hearing on
this motion for judgment the defendant claimed that
the referee was without power to grant the motion
to correct because it was not filed within two weeks
as required in terms by Practice Book, § 171, and by
implication by Practice Book, § 174.

It is true that it is desirable that there be certainty as to when a judgment ceases to be subject to review by appeal. *State ex rel. Baskin* v. *Bartlett,* 132 Conn. 623, 624; *State ex rel. Takasch* v. *Cotter,* 18 Conn. Sup. 150, 152. But it was for that reason that the 1943 amendment to what is now Practice Book, § 378, was adopted. *State ex rel. Baskin* v. *Bartlett,* supra.

Prior to that amendment, § 335 of the 1934 Practice Book (the forerunner of the present § 378) provided that an appeal should be filed within two weeks unless the court should, for good cause shown on written motion, extend the time for taking the appeal. That was substantially the same sort of provision as is involved here in Practice Book, §§ 171 and 178. It was held that the trial court could extend the time upon motion filed after the two-week period had elapsed and that there was no limitation in the rule as to the time within which such an order granting an extension of time might be made. *State ex rel. Baskin* v. *Bartlett,* supra.

There is no substantial reason for any stricter construction of §§ 171 and 178 than of those governing appeals to the Supreme Court of Errors prior to the 1943 amendment. If the express limitation was required by the 1943 amendment to what is now Practice Book, § 378, in order to produce the result for which the defendant contends here, the same express limitation would be needed in Practice Book, § 178. Indeed, in § 178 either the referee himself or the trial court can grant the extension, an alternative which is indicative of more liberality than that in the old appellate procedure.

The defendant's position arouses some sympathy. But Connecticut appellate procedure, in actual practice, is noteworthy in its great liberality as to the time in which successive steps actually are taken.

In this respect it has been like our liberal rules as to amendments. In neither connection is a defendant's objection to delay based upon the running of interest of much import. This defendant's position in this connection is like that of any other litigant. *Dorotzak* v. *Hill,* 17 Conn. Sup. 45, 47.

To avoid misunderstanding, it perhaps should be noted that the defendant made no claim that the referee acted under Practice Book, § 178, either without hearing or without a showing of "due cause."

For the foregoing reasons the defendant's motion for judgment must be, and is, denied as premature on the present state of the record.