[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#126)
The action before the court is defendant's motion for summary judgment as to two named defendants, Dale and Lindstrom, as well as summary judgment on indemnification claims relating to the conduct of Dale and Lindstrom being Motion #126.
This action arose out of an auto accident which allegedly occurred when a golf ball, hit by an unknown golfer, hit the CT Page 2492 plaintiff's car window as she was driving by the city golf course. The plaintiff has brought her complaint in twenty-three counts, naming every member of the Golf Commission, as well as other city employees, including defendants Dale and Lindstrom. Defendant Dale is not a member of the Golf Commission; he is the manager of the golf course, commencing employment in 1988, after the plaintiff's accident on April 17, 1987.
Affidavits of defendant Lindstrom, currently a member of the Golf Commission, and of defendant Dale are attached to the memorandum of law. The affidavits attest to the fact that the two defendants were not associated with the Golf Commission or I the golf course at the time of the accident.
The plaintiff relies on two cases to support her opposition to the motion. In Benton v. North Haven, 1 CSCR 154
(February 27, 1986, Hadden, J.), judgment was granted on the town's motion because the plaintiff failed to name any individual fireman allegedly responsible for the negligent acts. The Benton court, Hadden, J., stated that "the courts have uniformly held that to sustain an action against the municipality under the statute [7-465] there first must be a judgment against the employee." The Benton court did not state that all current members of the fire department must be named as defendants, which is essentially what the plaintiff did in the instant case.
Additionally, the plaintiff directs the court's attention to Ahern v. City of New Haven, 190 Conn. 77 (1983) for the proposition that "each commission member must be named individually in order to recover pursuant to 7-101a and7-465." A careful reading of the citation does not reveal support for the proposition.
The defendant town argues that two parties who are named defendants in this suit were not either Commission member and/or employees at the time of the accident, and therefore that those particular parties owed no duty to the plaintiff. In support of this position, the defendant town cites Kostyal v. Cass,163 Conn. 92, 97 (1972) and Sestito v. Groton, 178 Conn. 520, 527
(1979).
 To oppose a motion for summary judgment, the [plaintiff] must recite specific facts in accordance with Practice Book 380 and 381 which contradict those stated in the [defendant's] affidavits and documents. (citations omitted).
Farrell v. Farrell, 182 Conn. 34, 39-40 (1980). CT Page 2493
It is found that the plaintiff has not recited facts which oppose defendants' affidavits. It is further found that plaintiff has not supported her position that all members of the Golf Commission must be cited as party defendants.
Accordingly, the defendants' motion for summary judgment as to defendants Dale and Lindstrom is granted. Additionally, summary judgment as to indemnification claims based on the conduct of the above defendants is granted in favor of the defendant Town of Stamford.
KARAZIN, J.