[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By a single-count complaint dated January 28, 1994, the plaintiff, The Hatch Bailey Co., initiated this action against the defendants Geoff Green d/b/a Tema Construction and Lena Green. The plaintiff alleged that, pursuant to a written agreement, it sold building materials and supplies to the Greens; that the agreement provided for finance charges on any account CT Page 7649 past due; and that the Greens have failed and refused to pay for the supplied building materials. In this action to recover for a definite sum based on an express or implied promise to pay, Hatch Bailey seeks money damages, attorney's fees, and costs.
On May 12, 1995, a fact-finding hearing was held in which Hatch Bailey appeared by counsel and defendant Geoff Green appeared pro se. On May 17, 1995, pursuant to Practice Book § 546G, the fact-finder filed a written report detailing his findings. On June 2, 1995, the Greens filed a motion entitled "Motion for Extension of Time to File objection to Fact Finders Report," noting that on June 1 they ordered a transcript of the trial so they could "respond accurately to the inaccuracies of the fact finders report." (Defendant's motion #121.) On June 26, 1995, the Greens filed a memorandum of law (#123) in support of their June 2 motion. The plaintiff has not filed any documents in opposition.
Practice Book § 546H, entitled "Fact-Finding — Objections to Acceptance of Finding of Facts" states as follows:
 "A party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact-finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted.
 Objections must be filed within fourteen days after the filing of the finding of facts."
P.B. § 546H. The Greens argue in their motion and memorandum of law that the above language, together with the decisions inBeth Land Realty, Inc. v. Hill, 18 Conn. Sup. 459 (1953) andAlgonquin Gas Transmission Co. v. Lange, 19 Conn. Sup. 7,109 A.2d 598 (1954), stand for the proposition that for good cause shown, a court may grant an extension of time to file an objection to a fact-finder's report.
The defendants' motion is denied since the Practice Book does not provide for extensions of time for objecting to the acceptance of finding of facts. Section 546H, after delineating the grounds suitable for making objections, specifies that "[o]bjections must be filed within fourteen days after the filing CT Page 7650 of the finding of facts." Nothing in that section, or in any of the other Practice Book sections that govern Fact-Finding (§§ 546B-546K), provides for extensions of time for making objections.
The "must" in the above quoted language from § 546H indicates a mandatory, not permissive, requirement. Since the Greens did not file an objection within the two-week period that began when the fact-finder filed his report on May 17, 1995, their opportunity for objecting to the report has passed, and their present motion is improper.
The Greens' reliance on the cited cases is misplaced. It is true that in both Beth Land Realty and Algonquin Gas, the respective courts acknowledged that extensions of time could be granted to move to correct a written report, even though the required two-week period had elapsed. Yet in each case, the court based its ruling on what was then Practice Book § 178. BethLand Realty, Inc. v. Hill, supra, 18 Conn. Sup. 460-1; AlgonquinGas Transmission Co. v. Lange, supra, 19 Conn. Sup. 19-20. Section 178, like its current codification, P.B. § 444, provides for these extensions of time when the reports sought to be corrected are those of committees, not fact-finders.
While § 444 has been construed to apply to referees (barring those cases in which the referee has the power to enter judgment); Seal Audio, Inc. v. Bozak, Inc., 199 Conn. 496, 502-3,508 A.2d 415, 419 (1986); the defendants cite no authority for the proposition that § 444 applies to fact-finders as well. Indeed, the language of P.B. § 428, which outlines the application of the chapters in which § 444 appears, is devoid of any reference to fact finders."
 The provisions of this chapter shall govern the procedure in matters, except dissolution of marriage, legal separation and annulment matters, referred to committees, state referees and senior judges and, so far as applicable, to auditors, appraisers or other persons designated to make reports.
P.B. § 428.
Because those sections of the Practice Book that govern Fact-Finding do not provide for extensions of time for objecting to a fact-finder's report, and because the cited case law is CT Page 7651 inapposite, the defendants' motion to extend is denied.
Karazin, J.