## WELLS *against* ABERNETHY.

Where there is an express agreement, open and unrescinded, for the breach of which an action is brought, the rule of damages, is, not the consideration paid, but the value of the thing to be given, or the act to be done, at the time when, and the place where, it was to be given or done.

Where the defendant, in consideration of a deed of the *Tolland* farm, executed by the plaintiff, agreed to furnish the plaintiff with a well executed warrantee deed of certain lots of land in *Vermont*, on demand ; and the declaration stated such consideration and agreement, averring also, that the defendant authorized the plaintiff to take the grain growing on the *Tolland* farm ; it was held, that there was no variance, the authority to take the grain being posterior to the sale, and constituting no part of the consideration.

The correct construction of such agreement, is, that the party will convey the land mentioned, by a deed, with a covenant of warranty.

Interest cannot be allowed, by way of damages, for the breach of such agreement, until demand made by the plaintiff, succeeded by the defendant's non-performance.

This was an action of *assumpsit* founded on the following written agreement : "Whereas *Asa Wells* of *Tolland, Hampden* county, commonwealth of *Massachusetts*, has executed to me, this day, his warrantee deed of the farm, which he now occupies in said town, I hereby bind myself, my heirs, executors and administrators, to furnish the said *Asa*, on demand, a well executed warrantee deed of 566 acres, and two thirds, of land

lying in the town of *Victory, Essex* county, and state of *Vermont,* to be taken out of six one hundred acre lots, *viz.* lots No. 2. in the third range, lot No. 4. in the twelfth range, lot No. 8. in the thirteenth range, lot No. 8. in the fifteenth range, lot No. 10. in the sixteenth range, lot No. 5. in the nineteenth range. In witness whereof, I hereunto set my hand, this 10th day of *January, A. D.* 1818.

*Litchfield,*
June,
1824.

Wells
*v.*
Abernethy.

[Signed.]     *Andrew Abernethy.*"

There were five counts; the first of which stated, that, the plaintiff, being seised and possessed of a certain farm of land in the town of *Tolland,* in *Massachusetts,* containing about 150 acres, of the value of 2000 dollars, conveyed the same, on the 10th of *January,* 1818, to the defendant in fee ; whereupon the defendant, in consideration thereof, in and by a certain writing obligatory, under his hand, by him well executed, dated the 10th of *January,* 1818, faithfully promised to the plaintiff to furnish him, on demand a well executed warrantee deed of 566 acres, and two thirds of an acre, of land, [describing it according to the contract] which deed, so promised by the defendant to the plaintiff, was of the value of 2000 dollars.

The second count was general *indebitatus assumpsit,* demanding 2000 dollars for a certain farm of land, previously sold and conveyed to the defendant, at his special instance and request. The third count was also a general one for the value of the land, alleged to be reasonably worth 2000 dollars. In the fourth count, the plaintiff declared on the written agreement, which was recited. The fifth count also recited the written agreement, with an additional averment, *viz.* that the defendant authorized the plaintiff to reserve and gather the grain, which he had sown on said farm of land, and convert the same to his own use. The first, fourth and fifth counts averred a special demand of the deed in question, at *Tolland,* on the 10th of *January,* 1818, and at *New-Hartford,* on the 13th of *March,* 1821. The suit was commenced on the 14th of *March,* 1821.

The cause was tried at *Litchfield, August* term, 1823, before *Peters,* J.

In support of the first, fourth and fifth counts, the plaintiff offered in evidence the written agreement, together with testimony to prove the value of the land in *Tolland,* at the time of the conveyance to the defendant; to the admission of which the defendant objected; but the judge overruled the objection, and admitted the evidence offered.

*Litchfield,*
June,
1824.

Wells
*v.*
Abernethy.

It was a conceded fact, that the plaintiff demanded the deed on the 13th of *March,* 1821, and at no other time.

The defendant offered testimony to prove, that at the time of receiving the deed of the *Tolland* farm, he paid to the plaintiff, in part therefor, 100 dollars; which was admitted. He also offered testimony to prove the value of the land in *Victory,* at the time of the agreement, and when the deed was demanded. This testimony, being objected to, was excluded by the judge.

In his charge to the jury, the judge remarked, that no evidence having been given in support of the second and third counts, their verdict on them would, of course, be in favour of the defendant. If they should find the issues on the other counts, or either of them, for the plaintiff, he directed them to give a verdict for the value of the *Tolland* farm, at the time it was conveyed to the defendant, deducting what the defendant had paid, with interest on the balance from the date of the agreement to the time of trial.

The jury returned a verdict for the plaintiff accordingly; and the defendant moved for a new trial, on the ground of error in the decisions of the judge above stated.

*Bacon,* in support of the motion, contended, 1. That there was a variance between the allegations in the declaration and the proof. The rule is, that the entire consideration for the act, and the entire act to be done by virtue of such consideration, must be stated. 1 *Chitt. Plead.* 303, 4. *Bristow* v. *Wright, Doug.* 665. 667. *Peppin* v. *Solomons,* 5 *Term Rep.* 496. *Clarke* v. *Gray* & al. 6 *East* 564. 569, 70. In the present case, the entire consideration was, the deed of the *Tolland* farm, with a reservation of the crops to the plaintiff. The entire act to be done, by the defendant, was to furnish a deed of the *Victory* lands, on demand, and to pay 100 dollars.

2. That the charge was incorrect in relation to the rule of damages. In the first place, it is to be remarked, that the defendant did not receive the *Tolland* farm at the *date* of the contract. The crops were reserved to the plaintiff, which he received. The land was estimated by the jury, with the crops on it; and the defendant was ordered to pay the plaintiff the value of the crops, which the plaintiff had received and which the defendant never did receive, and had no right to receive, by the contract. The facts in the case, therefore, did not warrant the charge, assuming the rule prescribed to be correct. But secondly, the rule of damages stated by the judge, was

wrong, the correct rule being the value of the *Victory* lands— the article which was to be delivered at the time *Bush & al. v. Canfield,* 2 *Conn. Rep.* 485. 1 *Swift's Dig.* 716. *Shepherd & al.* v. *Hampton,* 3 *Wheat.* 200. *Shepherd* v. *Johnson,* 2 *East* 211. *Hopkins* v. *Lee,* 6 *Wheat.* 109. 118. *Amory & al.* v. *McGregor,* 15 *Johns. Rep.* 24. 38. *Watkinson* v. *Laughton,* 8 *Johns. Rep.* 213.

*Litchfield, June, 1824.*

*Wells v. Abernethy.*

3. That the charge was wrong in relation to the allowance of interest. The contract was to furnish a deed of the *Victory* lands on demand ; and no demand was made until the 13th of *March,* 1821. The date of the contract, the period from which the jury were directed to allow interest, was the 10th of *January,* 1818. In *England,* interest is not allowed, unless there is an express or implied promise to pay it. *De Haviland* v. *Bowerbank,* 1 *Campb.* 50. *De Bernales* v. *Fuller,* 2 *Campb.* 426. In *Connecticut,* interest has been allowed, by way of damages for the breach of a contract, from the time of the breach. 1 *Swift's Dig.* 714. The contract, in this case, was not broken, until the deed was demanded, on the 13th of *March,* 1821. The plaintiff, then, recovered damages for the breach of a contract, before it was broken.

*P. Miner* and *J. W. Huntington,* contra, contended, 1. That there was no variance, which entitled the defendant to a new trial. In the first place, the agreement regarding the growing crops, was no part of the contract on which the plaintiff claimed a right of recovery ; but was entirely distinct and separate from it. Secondly, if the plaintiff was entitled to a verdict upon either count, as he certainly was upon the fifth ; and if the same verdict must have been given on the first and fourth, as it certainly must ; then substantial justice has been done, and the court will not grant a new trial, on a mere technical objection in point of law. *Edmonson* v *Machell,* 2 *Term Rep.* 4. *Farewell* v. *Chaffey & al.* 1 *Burr.* 54. *Foxcroft & al.* v. *Devonshire & al.* 2 *Burr.* 936. *Barber* v. *Brace,* 3 *Conn. Rep.* 9. *Hyde* v. *Bailey,* 3 *Conn. Rep.* 463. 467. *The State* v. *Tudor,* 5 *Day,* 329. 335, 6.

2. That the rule of damages adopted by the judge, was the correct one. It is true, that in *England,* and here, where actions are brought on contracts for the delivery of *personal* property, the rule of damages is, the value of the property at the time of *delivery;* or, according to the more modern authorities, the value at the time of *trial,* if encreased. But, in the

Wells
*v.*
Abernethy.

first place, in *Connecticut*, even in case of personal property, the rule of damages is the *actual* damage sustained. *Bush & al.* v. *Canfield*, 2 *Conn. Rep.* 485. Secondly, the rule does not apply to contracts for the sale of *real* estate. The rule of damages as to personal property, has for its basis the presumed fact, that with those damages the plaintiff might have purchased the article; (2 *Conn. Rep.* 487.) but this is not so, as to real estate. Thirdly, if a part of the consideration has been paid, and the contract not performed, the plaintiff may recover it back, in an action founded on the contract. And why may he not, where the whole consideration has been paid? If written articles are entered into, for the sale of land, the consideration is paid, and the title fails, *assumpsit* will lie for the consideration. Why will it not, then, for the value of the consideration, if not money? *Cripps* v. *Read*, 6 *Term Rep.* 606. *Johnson* v. *Johnson*, 3 *Bos.* & *Pull.* 162. Fourthly, the contract was, not that the defendant would give the plaintiff a *title* to the property, but "a well executed warrantee deed" thereof. *Parker* v. *Parmelee*, 20 *Johns. Rep.* 130. *Van Eps* v. *Schenectady*, 12 *Johns. Rep.* 442. Now, had the defendant fulfilled his contract, by conveying to the plaintiff, by deed of warranty, the lots mentioned in the contract, and there had been a failure of title, the plaintiff could have recovered on the covenants precisely what he has now recovered; and the jury having found that the defendant has failed to perform, the plaintiff is entitled, as damages, to what the thing to be delivered might have been worth to him—*i. e.* the deed; and the deed might have been worth, and would, if it conveyed no title, the consideration money and interest. The specific article to be delivered under the contract, was, " a well executed warrantee deed." Now, what was the value of that deed? Precisely what the plaintiff, under any circumstance, could have recovered upon it. This is in accordance with the general principle of law, that the damages to be recovered for an injury done, shall be commensurate with that injury. *Rockwood* v. *Allen*, 7 *Mass. Rep.* 254. 256.

HOSMER, Ch. J. For the objection made in the argument, on the ground of variance between the allegations and the proof, I think there is no foundation. The *Tolland* farm was the entire consideration of the agreement between the parties; and in his declaration, the plaintiff has alleged it to be such. The permission to take away the grain from the land sold, was

posterior to the sale, and formed no part of its consideration. The rule of damages on the breach of an express contract, has long been established; and whether it relate to real or personal estate, it necessarily must be the same. Whenever a person, on legal consideration, agrees to do a certain act, and in the event of his not doing it, the damages are not stipulated by the parties, the law, on the ground of reason and natural justice, implies, that the person in default shall pay the damages accruing from the non-performance. The object of the parties ought to be attained as nearly as possible; and that is, that the specific act agreed to be done, should be performed. If the party omits to do what he stipulated, it is just, as a reasonable substitute, that he should pay the precise value of the thing, which he contracted to do; and such value to be estimated at the time, when the act in question should have been executed. The rule was correctly laid down, by Ch. J. *Swift*, in *Bush & al* v. *Canfield*, 2 *Conn. Rep.* 485. 487. "Where a man contracts to deliver any article besides money, and fails to do it, the rule of damages is the value of the article, at the time and place of delivery, and the interest for delay." The reason of the rule is so simple and obvious, that it has been universally embraced, except in the case of stock contracts; and the anomaly, in such cases, has arisen from the specific relief, which chancery had been in the habit of giving, and which courts of law, not universally, but in most instances, have, in substance, thought proper to pursue. Whenever a case on this subject occurs, I shall be desirous of putting an end to this exception without cause, by the establishment of perfect uniformity; as no just reason can be assigned for any discrimination. *Shepherd & al.* v. *Hampton*, 3 *Wheat.* 200. *Pitcher* v. *Livingston*, 4 *Johns. Rep.* 1. *Watkinson* v. *Laughton*, 8 *Johns. Rep.* 213. *Amory & al.* v. *McGregor*, 15 *Johns. Rep.* 24.

The consideration of the contract is never the rule of estimating the damages for the breach of an express agreement.— When by reason of a failure on the part of one of the contracting parties, or other legal cause, the contract is rescinded, either absolutely, or at the election of the party injured, he may bring his suit for the consideration, and then it will be the measure of damages. But so long as the contract is open, and the action, as it necessarily must be, and as in this case it is, is brought upon it, the sum recoverable is the value of the thing stipulated, at the time when and the place where it should have been performed.

*Litchfield,*
*June,*
*1824.*

Wells
*v.*
Abernethy.

The contract of the defendant to give a well executed warrantee deed, by the only construction not founded in absurdity, necessarily intends, that he not only will execute, but that he has power to execute, such a deed of property whereto he has title. *Judson* v. *Wass*, 11 *Johns. Rep.* 525. The deed, by a very obvious metonomy, is put for the land; and the agreement, rightly construed, contains a stipulation to convey the land mentioned, by a deed, with a covenant of warranty.

The rule of damages prescribed by the judge, was manifestly incorrect. The value of the *Tolland* farm did not bear on the point of damages. Besides, interest from the date of the contract, was entirely inadmissible. The cause of action originated sometime posterior to the entering into the agreement, upon demand made by the plaintiff, succeeded by the defendant's non-performance; and from this period only could the interest be allowed. *Thompson* v. *Stewart*, 3 *Conn. Rep.* 171.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

New trial to be granted.