GEORGE A. MEYER *vs.* GEORGE R. REICHARDT & another.

The maker of a promissory note paid it to the holder by instalments, and at the time of the making of the several part payments each party made for himself a memorandum of such payment, which memoranda they then mutually compared. *Held,* in a suit upon the note brought for the benefit of the estate of the deceased holder against the maker, that the memoranda made by him were admissible in his favor to prove payment.

CONTRACT upon a promissory note for $1600, signed by the defendant Reichardt and indorsed by the other defendant.

At the trial in the Superior Court, before *Wilkinson,* J., the plaintiff read the note and indorsement to the jury without objection, and proved due demand of payment from the promisor on the last day of grace, and due notice to the indorser of its non-payment, and rested his case.

The defendant Reichardt, in support of the issue of payment on the part of the defendants, testified that May 15, 1867, the note was held and owned by one Papendeik, who died the latter part of July, 1867; that on that day, in pursuance of an arrangement made previously for pre-payment, he paid to Papendeik $300 in part payment; that in Papendeik's presence he entered the payment upon a small bit of paper; that Papendeik made a similar entry in a pocket memorandum book; that each saw and knew and was shown at the time what the other had written down; that June 7, 1867, he paid Papendeik $800; that he entered the payment upon the same paper; that Papendeik entered it in the same memorandum book; that July 7, 1867, he paid Papendeik $500, which was also entered by him upon the same piece of paper, and by Papendeik upon the same book; that neither payment was indorsed upon the note; that he spoke of having the payment indorsed when he made the first payment; that Papendeik said he did not care to do it then, as the note was entered on his books and was a business note, and said that with these entries on the paper and book they would understand it; that each party knew and saw and was shown what the other wrote down. It was agreed that this suit was brought in behalf of, and was prosecuted for the benefit of the estate of Papendeik. The de-

fendants gave notice to produce the book of Papendeik in which the entries were made, but it was not produced when asked for at the trial. The defendants offered in evidence the paper upon which Reichardt made the entries; to the admission of this paper the plaintiff objected, but it was admitted by the court so far as it related to the entries.

The jury returned a verdict for the defendants; and the plain-tiff excepted.

The case was submitted on briefs.

*I. W. Richardson & I. N. Richardson,* for the plaintiff.

*A. A. Ranney & T. H. Tyndale,* for the defendants.

AMES, J. The evidence of Reichardt was to the effect that he had paid the note, in three separate instalments. He also testified that every time he made a payment, a memorandum of the transaction was made on a piece of paper, which he kept in his possession; and that Papendeik, who was the holder of the note, made a similar memorandum in a pocket book; and that these several memoranda were seen and understood by both parties, each having his attention called to what the other had written down. He also testified that this mode of proceeding was intended as a substitute and equivalent for the more convenient and usual course of indorsing the successive payments upon the note itself. This testimony, if believed by the jury, would make Papendeik so far a party to the written memorandum retained by the defendant, that it would be as competent evidence of an admission, as if it had been part of an oral conversation between them. It was not a mere memorandum to refresh the memory of a witness, but a contemporaneous record, agreed upon by the parties, each retaining a copy in his own hands, and each understanding that it was to be used and relied upon in the settlement of the transaction between them. Under these circumstances, the paper offered in evidence was admissible; the credit due to the testimony and its weight and effect were for the jury to consider. See Sandars' Inst. Just. Lib. iii. Tit. xxi. note.

*Exceptions overruled.*