### CHARLES P. BRIGHAM *vs.* BRICE S. EVANS.

In an action for the breach of an agreement for an exchange of property at values to be found by an appraisement, the plaintiff is entitled to recover the difference between the market value of his property, and the value he would have received in exchange; and the appraisement made is evidence of the value of the defendant's property at that time; and the price brought by the plaintiff's property at a subsequent auction sale, being less than the appraised value, is competent evidence of its value at that time, which, coupled with evidence that it had not depreciated in value in the mean time, will warrant the jury in finding substantial damages.

CONTRACT to recover damages for the refusal to perform a written contract for the exchange of property. Writ dated May 2, 1871.

At the trial in the Superior Court, before *Devens*, J., it appeared that the parties on or about April 24, 1871, made a written contract for the exchange of certain real estate belonging to the defendant, and certain real estate and a span of horses belonging to the plaintiff, in which contract it was agreed that the property of each party should be appraised by three persons named, that the appraisal of a majority of them should be taken as the values of the respective properties; that the difference between such values in favor of either party should be adjusted by a promissory note to him from the other party for the amount of the difference; that a majority of the appraisers agreed upon an appraisal on or about April 26, 1871; and that a written report thereof was made April 29, 1871.

The plaintiff gave evidence, which was uncontradicted, to the effect that no appreciable change had taken place in the values of the respective properties of the parties between the date of appraisal and the date of the writ.

On the question of damages, the plaintiff offered evidence to show that May 20, 1871, the horses were sold by an advertised sale by public auction for about $900 less than the appraisal; that written notice had been given to the defendant that they would be thus sold on his account; that the land was sold in like manner after like notice about the last of May, 1871, at a loss of about $200 from the appraisal. There was evidence tending to show that the property sold by auction had not depreciated in value between the date of the writ and the dates of the auction sales. The jury asked to be instructed by the court whether or not the price brought at such auction sales was to be taken as the value of the property at the time of sale. The court instructed the jury that such price was not conclusive evidence of the value, but that a fair auction sale was one means of ascertaining value, and that evidence of the auction sales of the plaintiff's property might be considered by the jury so far as they were satisfied that it tended to show the market value of the property sold. To this ruling the defendant excepted.

The defendant asked the court to rule that the measure of damages was the difference between the value of the plaintiff's property and the value of the defendant's property at the date of the writ, or the difference at any time between the date of appraisal and the date of the writ, and to instruct the jury that " If there was no change of values of the respective properties between the date of appraisal and the date of the writ, nothing but nominal damages can be recovered."

The court declined to give these instructions as prayed for, but instructed the jury that if the plaintiff had made a good bargain by means of the contract, he was entitled to the advantage of his bargain, and that the loss of the bargain constituted the measure of damages, which was the difference between what the property could be sold for in the market at a fairly conducted sale, that is, what its fair market value was, and what the plaintiff would have

received if the defendant had carried out his contract; that the price for which the property was sold by auction was not to govern the jury, but was evidence to be considered by them, as bearing on the question what was the fair market value at the time of the breach of the contract by the defendant. To this ruling the defendant excepted.

The report of the majority of the appraisers was produced, and their estimate of the worth of the defendant's property appeared therein. It was also in evidence that the dissenting appraiser, a real estate dealer in Boston, at the same time estimated the defendant's property, which was in Jamaica Plain, to be worth $1500 more than the others estimated it in their report, but appraised the plaintiff's property at a much less sum than the other appraisers, so that his appraisal was much less favorable to the plaintiff than that of the other two. This, with the plaintiff's evidence that there was no appreciable change in value between the date of appraisal and the date of the writ, was all the evidence there was, respecting the value of the defendant's property at the date of the writ, or at any time between the date of appraisal and the date of the writ, and the defendant asked the court to instruct the jury that there was no competent proof in the case as a basis for anything more than nominal damages. This request was overruled.

The jury found for the plaintiff in the sum of $1077.65, and the defendant excepted.

*N. B. Bryant*, for the defendant.

*F. W. Kittredge*, for the plaintiff.

GRAY, C. J. The defendant has no just ground of exception to the rulings and instructions at the trial. The appraisement made according to the agreement of the parties was introduced without objection, and was competent evidence, as between them, of the value of the defendant's property at the time of the appraisement. The amount for which the plaintiff's property was sold by auction was competent evidence of its value at the time of sale. *Kent* v. *Whitney*, 9 Allen, 62. *Campbell* v. *Woodworth*, 20 N. Y. 499. And there was evidence tending to show that it had not depreciated between the dates of the appraisement and

of the sales by auction. There was therefore sufficient evidence for the jury that the market value of the defendant's property was not, and that that of the plaintiff's was, less than the estimate put upon it by the appraisers. The loss sustained by the plaintiff from the breach of the contract, and the measure of the damages which he was entitled to recover, was the difference between the market value of his property and the amount which he would have received for it if the defendant had carried out his bargain ; and so the jury were instructed. *Exceptions overruled.*