PAUL MAKUSEVICH vs. PAUL GOTTA ET AL.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Under existing procedure, causes of action, whether legal or equitable, and whatever their nature, are stated in one form of complaint; and judgment may be rendered for the relief demanded upon any right of action which the facts alleged in the complaint are sufficient in law to support.

A cause of action for specific performance of an agreement for the sale of real estate, and one for damages arising out of a breach thereof, may be set forth in a single count; but the claims for relief, being necessarily inconsistent, should be stated in the alternative.

If a seller refuses to carry out his agreement for the sale of real estate, although he is in a position to do so on the day fixed for performance, the buyer is entitled to full compensatory damages, including the loss of his bargain; if he has paid nothing, as in the present case, the measure of his recovery is the difference between the contract price and the value of the land agreed to be conveyed, with interest.

Argued November 1st, 1927—decided January 6th, 1928.

ACTION to recover damages for alleged breach by the defendants of a contract to sell real estate to the plaintiff, brought to the Court of Common Pleas for Fairfield County and tried to the court, *Shapiro, Acting-Judge;* judgment for the plaintiff for $737, and appeal by defendants. *No error.*

*J. Walter Scheffer,* for the appellants (defendants).

*Daniel E. Brennan,* with whom, on the brief, was *Irving Elson,* for the appellee (plaintiff).

MALTBIE, J.  The complaint alleges that the plaintiff and the defendants entered into a written agreement for the conveyance of certain real estate by the latter to the former; that the defendants owned the land in fee; that, on the day fixed in the agreement, the plaintiff made tender of performance and demanded a conveyance; that the defendants have neglected and refused to execute it and have continued in possession of the premises; and that the plaintiff is still ready and willing to make performance of his obligations under the agreement.  The claim for relief is (1) a decree for a conveyance to, or a vesting of title to the land in, the plaintiff; (2) $1,500.  The judgment awarded substantial damages to the plaintiff as sole relief.

The allegations of the complaint were adapted to sustain either a cause of action for specific performance or one for damages for breach of the agreement. It was entirely proper to state the facts in a single count as a basis for a claim for either relief.  General Statutes, § 5636; *Trowbridge* v. *True,* 52 Conn. 190, 197; *Knapp* v. *Walker,* 73 Conn. 459, 461, 47 Atl. 655; *McMahon* v. *Plumb,* 90 Conn. 281, 285, 96 Atl. 958. As the claims were necessarily inconsistent, it would have been better practice to have stated them in the alternative; see Practice Book, p. 426, Form 241; but no objection was made upon this ground.  The contention of the defendants in the trial court that, by adopting this mode of pleading, the plaintiff waived any claim of damages for breach of contract, is obviously not sound; and their claim before us, that a

court of equity will not retain a bill for specific performance merely in order to grant damages for a breach of the contract,· overlooks the fact that the complaint sets up a good cause of action for damages at law. "Under existing procedure, causes of action, whether legal or equitable, and whatever their nature, are stated in one form of complaint, and judgment may be rendered for the relief demanded upon any right of action which the facts alleged in the complaint are sufficient in law to support." *Cole* v. *Jerman,* 77 Conn. 374, 383, 59 Atl. 425.

The only other ground of error claimed is in the measure of damages applied by the court. It awarded damages based upon the difference between the contract price and the value of the property agreed to be conveyed. In *Wells* v. *Abernethy,* 5 Conn. 222, 226, this court had before it the question of the measure of damages for the breach of a contract to convey real estate contained in an agreement for an exchange of lands, where the plaintiff had fully performed, and it said: "The rule of damages on the breach of an express contract has long been established; and whether it relates to real or personal estate, it necessarily must be the same. Whenever a person, on legal consideration agrees to do a certain act, and in the event of his not doing it, the damages are not stipulated by the parties, the law, on the ground of reason and natural justice implies, that the person in default shall pay the damages accruing from the nonperformance. The object of the parties ought to be attained as nearly as possible; and that is, that the specific act agreed to be done should be performed. If the party omits to do what he stipulated, it is just, as a reasonable substitute, that he should pay the precise value of the thing, which he contracted to do; and such value to be estimated at the time, when the

act in question should have been executed. . . . The consideration of the contract is never the rule of estimating the damages for the breach of an express agreement. When by reason of a failure on the part of one of the contracting parties, or other legal cause, the contract is rescinded either absolutely, or at the election of the party injured, he may bring his suit for the consideration, and then it will be the measure of damages. But so long as the contract is open, and the action, as it necessarily must be, and as in this case it is, is brought upon it, the sum recoverable is the value of the thing stipulated, at the time when, and the place where, it should have been performed."

In the instant case, the answer admits the defendants' ownership of the land in fee at the time the agreement was made, and there is no suggestion in the finding that they did not still own it on the day fixed for the performance of the contract. As the case stands, it is one of a bald refusal to perform by vendors who might have done so had they wished. Under such circumstances, the courts are in substantial accord that the proper measure of damages is that suggested in *Wells* v. *Abernethy, supra;* the plaintiff is entitled to full compensatory damages, including the loss of his bargain; if he has paid nothing, as in the instant case, he is entitled to recover the difference between the contract price and the value of the land agreed to be conveyed, with interest. *Harten* v. *Loffler,* 212 U. S. 397, 405, 29 Sup. Ct. 351; *Brigham* v. *Evans,* 113 Mass. 538, 541; *Doherty* v. *Dolan,* 65 Me. 87, 89; 2 Sutherland on Damages (4th Ed.) § 581; 2 Warvelle on Vendors (2d Ed.) § 936; 27 R. C. L. 631. The case of *Rabinovitz* v. *Marcus,* 100 Conn. 86, 123 Atl. 21, relied upon by the defendants, was one where damages were sought upon the basis of the

recission of the contract, and the court, on page 96 of the opinion, specifically pointed out that the facts found would not support a claim for damages for breach of contract.

There is no error.

In this opinion the other judges concurred.