## John H. Gray *vs.* Louis Greenblatt et al.

Third Judicial District, New Haven, June Term, 1931.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued June 2d—decided July 14th, 1931.

*Patrick J. Healey,* with whom was *Milton H. Meyers,* for the appellant (defendant).

*Michael V. Blansfield* and *Ralph C. Coppeto,* for the appellee (plaintiff).

AVERY, J. The plaintiff and the defendant entered into a written agreement, October 17th, 1929, under the terms of which the defendant agreed to sell and transfer to the plaintiff, by warranty deed, free from all incumbrances, his property situated in the town of Prospect, for the agreed price of $9000; and the plaintiff agreed to sell and transfer to the defendant his property situated on Bonham Street in Waterbury, for the agreed price of $16,000, the same to be free from all incumbrances, except a mortgage for $8000 to the savings bank, a mortgage for $4850 to one Zachin, and a mortgage for $450 to one Provost. The agreement further provided that the plaintiff should give the defendant a mortgage on the Prospect property "in an amount of what difference there is remaining between the purchase prices of said properties less all adjustments on same at the time of transfers"; and a further provision of the agreement was that "all adjustments on both said properties shall be made as of the date of transfer of same and the amounts thereof shall be either added to or deducted from said amount of said mortgage which is to be given to the [defendant by the plaintiff] on said Prospect property."

The plaintiff, claiming that the defendant had breached the agreement by refusing to perform, brought suit to recover damages; and the case was tried to the jury, which rendered a verdict in favor of

the plaintiff for $2051.77. The defendant moved to set the verdict aside as against the evidence and excessive; and, from a denial of this motion, appealed. Error was also assigned in certain rulings on evidence and in the instructions of the court.

In case of a breach of contract to convey land, the injured party recovers nominal damages; and, in addition thereto, he may be entitled to recover the expense to which he has been subjected in preparing to carry out the agreement. Over and above these items, to recover substantial damages, loss in the bargain must be shown, i.e. the difference between the price fixed in the contract and the fair market value of the land at the time the contract was to be executed, allowing for whatever has been paid toward the purchase money, if anything. *Makusevich* v. *Gotta,* 107 Conn. 207, 210, 139 Atl. 780; *Wells* v. *Abernethy,* 5 Conn. 222, 227; *Sterling* v. *Peet,* 14 Conn. 245, 254; *Joseloff Co.* v. *Spirt,* 97 Conn. 447, 451, 117 Atl. 523; 27 R. C. L. 619. According to the evidence, the plaintiff's property was worth $16,000 less mortgages and adjustments which the parties, in their briefs, concede amounted to $14,029.66, leaving a net equity to be given by the plaintiff in the exchange of $1970.34. The evidence is that defendant's property was worth $9000 in trade and $7500 in cash, on which the plaintiff was to give back to the defendant a mortgage of $7029.66. This leaves a net equity of $1970.34 in defendant's property to be received by the plaintiff in the exchange, taking the view of the evidence most favorable to the plaintiff; in other words, the net value of the properties to be exchanged was equal. There is no evidence that plaintiff's property had depreciated or that defendant's property had appreciated between the date of the contract and the time of the breach; consequently, there is no evidence of any loss

in the bargain. The claim of the plaintiff that by reason of defendant's failure to carry out the agreement the plaintiff was unable to meet an interest payment on one of the mortgages; and that, in consequence, the holder foreclosed, and plaintiff was unable to protect his interest in the property, thereby losing his equity therein, is not, under the circumstances disclosed by the evidence in this case, a proper basis upon which to assess damages because it does not appear to have been within the contemplation of the parties. As there is in the record no evidence of substantial damage, or of any expenses incurred by the plaintiff in preparing to make the transfer, he can recover only nominal damages. The verdict is plainly excessive and must be set aside.

With regard to the rulings on evidence, the proposed deed, although not containing the precise terms required, was admissible as tending to show that the plaintiff was ready, able and willing to carry out the agreement. The adjustment sheets were admissible for the same purpose. Being based upon hearsay, however, they would not be evidence of the truth of the statements therein contained if seasonably objected to on that ground. The other rulings on evidence relate to the meaning of the word "adjustments" as used in the agreement. It was the claim of the plaintiff that the term included back taxes, back water rents, tax liens, interest on second mortgage and interest on third mortgage; and that these items were to be added to the amount of the mortgage which was to be given by the plaintiff to the defendant on the Prospect Street property, upon the completion of the exchange. For the purpose of showing that such was the meaning of the term as used in the agreement, counsel for the plaintiff called witnesses and inquired of them what was said between the parties on the

subject of adjustments before the agreement was executed. These questions were objected to; and, over objection, ruled in by the court. In this ruling, there was no error. "This understanding of the parties was properly considered by the trial court, not for the purpose of ascertaining any unexpressed intent, but in order to determine the intent they meant to express by the phrase they used." *Mazzotta* v. *Bornstein,* 104 Conn. 430, 439, 133 Atl. 677; *In re Curtis-Castle Arbitration,* 64 Conn. 501, 514, 30 Atl. 769; *Murphy* v. *Schwaner,* 84 Conn. 420, 428, 80 Atl. 295.

As a new trial must be ordered because of the amount of the verdict, it is unprofitable to discuss the claimed errors in the charge of the court.

There is error, the verdict is set aside and a new trial ordered.

In this opinion the other judges concurred.