Peter Lomazzo *v.* Woodrow King et al.

Brown, C. J., Jennings, Baldwin, Inglis and O'Sullivan, Js.

Argued December 6, 1950—decided January 16, 1951

*Morris Robinson,* with whom, on the brief, were *Leo Nevas* and *Howard Benedict,* for the appellant (plaintiff).

*Robert N. Grosby,* with whom, on the brief, were *A. D. Slavitt* and *I. M. Mackler,* for the appellees (defendants).

O'Sullivan, J. The plaintiff brought suit to recover an unpaid balance claimed to be due from the defendants for work performed and materials furnished. The answer alleged payment. Judgment was entered for the defendants on the complaint and the plaintiff has appealed.

It is unnecessary to recite the facts, which amply support the court's decisive conclusions as to the existing contract and payment in full by the defendants. The effort to change the facts by correcting the finding is futile in the absence of a transcript of the evidence. *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* 125 Conn. 206, 207, 4 A. 2d 333. Even the exhibits, on which the plaintiff attempts to rely, are not certified and made part of the record.

The plaintiff assigns as error the failure of the court to have in attendance at the trial a competent stenographer to record the proceedings. General Statutes § 7591. We disposed of a similar claim adversely to the party making it in *Bisi* v. *American Automobile Ins. Co.,* decided this day.

The plaintiff attacks two rulings on evidence. Over objection, the court admitted in evidence an unsigned memorandum of the terms of the oral agreement. There was testimony that one of the defendants had made the memorandum simultaneously with the agreement and had shown it to the plaintiff, who promised to sign it, although he never did. The ruling was correct. *Squires* v. *Kilgore,* 92 Fla. 1001, 1005, 111 So. 113; *Meyer* v. *Reichardt,* 112 Mass. 108, 109; see *Gray* v. *Greenblatt,* 113 Conn. 535, 538, 155 A. 707.

The other ruling admitted in evidence a stranger's testimony that after the work was under way he overheard a discussion between the plaintiff and one of the defendants and that the amount which the defendants claimed was the agreed price was mentioned. The ruling was correct. See *Socony-Vacuum Oil Co.* v. *Elion,* 126 Conn. 310, 318, 11 A. 2d 5.

There is no error.

In this opinion the other judges concurred.