TRUE McLEAN, EXECUTOR v. FLORENCE C. PATTERSON

SUPERIOR COURT     LITCHFIELD COUNTY     FILE No. 14204

Memorandum filed June 19, 1957.

*Bronson, Rice & Lyman,* of New Haven, for the plaintiff.

*Hubbard & Cramer,* of Litchfield, for the defendant.

TROLAND, J. This is an action in which the plaintiff, as executor of his father, North McLean, seeks to recover damages for the alleged breach by the defendant of her contract to purchase a certain dwelling and land in Washington, Connecticut, from North McLean, for $26,000.

The making of the contract in August of 1952, the payment by the defendant of $2600 on account of the purchase price, and the subsequent notice given by the defendant to the plaintiff that she would not perform the contract are admitted facts on the pleadings. It is also admitted on the pleadings that the plaintiff received and has retained the payment of $2600. The defendant has a cross complaint to recover the $2600 paid on account. By stipulation, the case was referred to a state referee for hearing and report.

### Re Exceptions to Report as Amended

The exceptions to the amended report of the state referee are not well taken. The plaintiff seeks to have corrections made in the report by the addition of matter which is not admitted or undisputed and is wholly immaterial to a decision of the case. There are also objections to several findings of fact by the referee. The court has carefully reviewed the evidence and finds that the facts as stated by the referee are supported by such evidence. The plaintiff complains against the refusal of the referee to withdraw his report, reopen the hearing and permit the

plaintiff to offer additional cumulative testimony bearing on the need for a caretaker for the premises the sale of which is the subject of this litigation. Under the circumstances set forth in plaintiff's motion, the action of the referee was clearly a proper exercise of his discretion. The court is of opinion and finds that the referee has not materially erred in his rulings or findings, and that there exists no sufficient reason why his report as amended should not be accepted without correction by the court, and it is so accepted.

### Decision Based on Report as Accepted

The written agreement between the parties provides that the seller agrees to sell and convey the premises in question and that the purchaser agrees to buy them for a price of $26,000, of which amount the receipt of $2600 is acknowledged by the seller at the time of the signing. The balance of the purchase price of $23,400 was to be paid in cash at the time of the closing of the transaction, on or before November 1, 1952. Preliminary title search was completed at defendant's request on August 12, 1952. On September 9, 1952, defendant urged that the deal be closed during the last week in October. However, on or about October 13, 1952, the defendant wrote to plaintiff's attorney her definite refusal to purchase the property. Thereafter the defendant received no notice or communication from the plaintiff or his attorney until the present action was brought, a period of more than a year and a half. The defendant did not ask for a return of her deposit of $2600. The plaintiff did not offer to return the $2600. Defendant, prior to the suit, was willing that plaintiff retain the $2600 and believed that the retention closed the matter. Beginning shortly after January 1, 1953, the plaintiff endeavored to sell the property to others. His agent's efforts to resell the property were reasonably diligent. On November 19,

1953, the property was sold for $20,000, which was the best and most advantageous offer received.

On the facts as found the defendant is not entitled to prevail on her cross complaint. There was no mutual rescission of the contract. The rescission of a contract is in itself a new contract. It is the substitution of a new agreement for the old. *Burkle* v. *Superflow Mfg. Co.*, 137 Conn. 488, 497. Upon repudiation by one party, a contract remains a subsisting one until the parties have mutually elected to treat it otherwise and have given unmistakable evidence of such an election. *Yaffe* v. *Glens Falls Indemnity Co.*, 115 Conn. 375, 378. Upon express refusal by defendant to perform, plaintiff was not required to tender a deed to her. *Federal Financial Co.* v. *Forman Properties, Inc.*, 135 Conn. 153, 158. Plaintiff did not lose his rights against defendant by mere delay in asserting them. Defendant had not changed her position to her disadvantage. *Wells* v. *Carson*, 140 Conn. 474, 477. The plaintiff has not been unjustly enriched. The plaintiff has been damaged. On the counterclaim the issues are found for the plaintiff.

The plaintiff's claims for damages are far in excess of those allowed under our law in cases of this kind. The plaintiff claims, first, the loss of his bargain; second, the loss of the use of the money defendant should have paid on November 2, 1952, as the balance of the purchase price; and, third, various items of expense which plaintiff incurred, during the period beginning with defendant's breach of the contract and ending with the date of resale to the new customer. These expenses are for pay for a caretaker for the house (which was vacant) for about sixty weeks, and for current taxes, water, electricity, and other maintenance charges. Claims in the second and third category are believed to be novel claims for damage in this type of transaction.

None of them were in contemplation of the parties at the time the contract was entered into, and on the facts none of them can reasonably be supposed to have been in contemplation of the parties as the probable result of a breach.

The rule of damages considered by the court as proper to apply here is: The measure of damages for breach of contract of sale is the difference between the contract price and the value of the property at the time of the breach of the contract. These damages represent the loss of the bargain. 8 Thompson, Real Property (Perm. Ed.) § 4619; *Wells* v. *Abernethy,* 5 Conn. 222, 226; *Makusevich* v. *Gotta,* 107 Conn. 207, 210.

Under the facts found, the damages sustained by the plaintiff, as caused by the defendant's breach of contract as alleged, are the "loss of his bargain" as stated by plaintiff in the amount of $3100, together with interest thereon at 6 per cent from November 1, 1952.

Judgment may enter accordingly.