**Frances Littman SELDIN, trading as Peter Pan School, Appellant,**

v.

**Rona J. SANDE, Appellee.**

**No. 2601.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 8, 1960.

Decided Aug. 25, 1960.

Rehearing Denied Sept. 20, 1960.

W. Perry Doing, Washington, D. C., for appellant.

Stanley B. Frosh, Washington, D. C., with whom Dorothy Deane Ferguson, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Action for breach of an employment contract. Plaintiff claimed that defendant, operating a school, employed her as a dancing teacher for a school term of 36 weeks for an agreed total compensation of $1,440, payable in nine monthly installments of $160; that after about two months she was wrongfully terminated, and that defendant paid her only $320. Her suit was for the balance of $1,120. The defense was that the employment was not for any fixed period, but on a tryout basis, and that plaintiff's services had not been satisfactory. The trial court made written findings of fact resolving the issues in favor of plaintiff, and from the resulting judgment defendant has appealed.

■ One assignment of error relates to the admission of evidence. Over defendant's objection there was admitted in evidence a short written memorandum prepared by plaintiff, showing her employment for thirty-six weeks at a total of $1,440, and detailing the number of work weeks during the period. Plaintiff testified that she prepared the statement at defendant's request and gave defendant a copy just before defendant put her to work. Defendant denied that she had ever asked for or received such a statement.

Appellant invokes the familiar rule that an ex parte private memorandum prepared by one of the parties to a contract and not communicated to or accepted by the other party, is self-serving and inadmissible as evidence of the terms of the contract. But the trial judge was entitled to believe that the memorandum was prepared at defendant's behest and a copy furnished to and accepted by defendant just before the employment started. That being so it was admissible as a contemporaneous record of the agreed terms of employment. Lomazzo v. King, 137 Conn. 434, 78 A.2d 538; Weimann v. Sheppard, D.C.Mun.App., 37 A.2d 847; 32 C.J.S. Evidence § 697.

■ We next consider appellant's claim that the finding was contrary to the law and to the weight of the evidence. The law in such a situation is clear enough. When there is an agreed employment on specified terms for a specified period it is regarded as binding, and an employee who is discharged without cause before the term is over is entitled to damages for the breach. The basic question here is whether there was evidence to support the finding. The answer is that the trial judge had a right to accept plaintiff's version of the terms of employment. We could not question the correctness of his ruling on the facts without venturing into the areas of weight and credibility.

Appellant points to an inconsistency between the trial judge's reference to the hourly rate of pay and the amount of the award. This, as appellee suggests, was an error of computation. It does not taint with legal error the ultimate finding that there was a contract for a total of $1,440, and that such total, less a credit for the $320 paid, was the proper measure of plaintiff's recovery. That finding, as we have said, was supported by the evidence.

■ We are asked to rule that appellant was entitled to credit for a small sum earned by appellee in other employment after being released by appellant. The record reveals no evidence as to how long such employment lasted or what the earnings amounted to, and no request that the trial court make any deduction therefor from the award to plaintiff. On such a record we are not in a position to order a reduction of the judgment.

Affirmed.