HYMAN NAMEROW *v.* CARMINE J. COLANGELO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-669-24698

Argued February 24—decided August 8, 1969

*Harry Hammer,* of Rockville, for the appellant (defendant).

*Irving L. Aronson,* of Hartford, for the appellee (plaintiff).

STAPLETON, J.  This action was brought for electrical wiring sold and delivered to the defendant and for the balance due on an open and running

account, together with interest from December, 1965. The defendant in his answer admits there was a balance due on a running account for electrical fixtures and equipment but denies the amount claimed. Further, by way of counterclaim, the defendant claims money damages for defective wiring, for the expense of removing the defective wiring from dwellings where it had been installed, and for claimed damages of lost profits, custom and goodwill. At the trial, judgment was rendered for the plaintiff in the sum of $2872.87 on the complaint, without interest, in accordance with a stipulation entered into between the parties.

The trial court found that the wire sold and delivered to the defendant was defective, that the defective wire had to be removed from the dwellings where it had been installed, and new wire placed, and that the reasonable value of the damages incurred by the defendant amounted to $1383.72, for which judgment was rendered for the defendant on the counterclaim. The amount found due on the counterclaim was the actual bill submitted for the removal of the defective wiring and the installation of the new wiring but did not include any of the incidental and consequential damages claimed by the defendant as a result of the plaintiff's breach, including lost profits and goodwill, nor did the court include any interest from the date of the claimed breach. On the ground of the failure of the court to include these items, the defendant appealed.

The defendant seeks to correct the finding by adding certain paragraphs including testimony which was offered on his behalf in an attempt to show the pecuniary loss he sustained and which he claims in his first assignment of error was admitted or undisputed. "To be an admitted fact there must be something in the nature of a judicial admission

. . . . A fact is not undisputed merely because one or more witnesses testified to it and no one denied it, for the trial court may not give credence to the witnesses and that is for it to determine." Maltbie, Conn. App. Proc. § 158. The trial court did not err in denying the additions to the finding.

The defendant sought to prove and offered testimony to the effect that defective wiring was installed in some six or seven new dwellings and that as a consequence he had no repeat business from the new owners, and he attempted without any further proof to show that he was entitled to consequential damages as a result. The defendant further attempted to prove that as a consequence of the defective wiring he failed to receive a contract for the installation of wiring in the Hartford National Bank Building in Manchester, although he made a bid thereon.

The court in its finding has correctly stated that there was insufficient evidence to establish that the defendant suffered any loss as a direct consequence of the defective wiring. It is conceded that the defendant would be entitled to any damages he sustained for any loss directly and naturally resulting in the ordinary course of events from the defective wiring. *Torrance* v. *Durisol, Inc.*, 20 Conn. Sup. 62. The defendant is entitled to recover damages to the extent that his losses are the direct result of the plaintiff's breach, and he cannot enhance his damages by anything which is not directly attributable to that breach. *Leventhal* v. *Stratford*, 121 Conn. 290, 299.

The question whether the defendant was entitled to interest on the counterclaim from the date of the breach is a question which has not as yet been clearly defined either by statute or by our decisions. Section 37-3 of the General Statutes states: "Interest at the rate of six per cent a year, and no more,

may be recovered and allowed in civil actions . . . ."
"Interest is the compensation allowed by law, or
fixed by the parties for the use, detention, or fore-
bearance of money or its equivalent." 45 Am.
Jur. 2d, Interest and Usury, § 1.

The compensation shown or taking of interest or
compensation for the use of money was regarded as
usurious, whether moderate or excessive, in biblical
times, and by early common law prior to the reign of
Henry VIII. In the eyes of the church, the taking
of interest was actually sinful, as against the laws of
God and morality, on the theory that money was
only a medium of exchange and naturally barren and
unproductive. 45 Am. Jur. 2d, Interest and Usury,
§ 3. Interest being a creature of statute, the law
allows it only on the ground of a contract for its
payment, or as damages for the detention of money,
or for the breach of some contract. 47 C.J.S., Inter-
est, § 3 (a). " 'The determination of whether or not
interest is to be recognized as a proper element of
damage is one to be made in view of the demands of
justice rather than through the application of any
arbitrary rule.' " *Wells Laundry & Linen Supply
Co.* v. *Acme Fast Freight, Inc.,* 138 Conn. 458, 463.
Interest is allowed on money found to be due for
damage to property if the money has been wrong-
fully withheld, even though the amount due was
unliquidated.

The real question in each case is whether the
detention of the money is or is not wrongful under
the circumstances. *Campbell* v. *Rockefeller,* 134
Conn. 585, 591. In the instant case, it was apparent
that the plaintiff, who was an electrical contractor,
bought this defective wiring from a third party,
known as the Diamond Wiring Company; that as
soon as the plaintiff was apprised of the fact that
the wire which had been purchased was defective,

the Diamond Wiring Company sent a representative to the defendant and apparently attempted to negotiate a settlement. It is quite apparent that the defendant was not satisfied to be reimbursed for the actual damage incurred, to which he was rightfully entitled, but also sought incidental and consequential damages which necessitated the bringing of this lawsuit for which the plaintiff, in good faith, rightfully withheld the payment of any money.

Interest has been allowed in the following cases: *Kier* v. *Tanguay,* 20 Conn. Sup. 72, 75 (false representation); *Prudential Ins. Co.* v. *Somers,* 20 Conn. Sup. 351 (interest on the proceeds of the insurance policy); *McLean* v. *Patterson,* 20 Conn. Sup. 367, 371 (interest on a breach of contract); *State ex rel. Murphy* v. *Zeller,* 20 Conn. Sup. 417 (interest added to the shortage and paid from the date of new payroll period to date of judgment).

We conclude that under all the circumstances surrounding the facts of this case the court did not abuse its discretion in not allowing interest on the defendant's counterclaim.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.