[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE HEARING IN DAMAGES
On September 22, 1990 the plaintiffs entered into a contract with defendant to sell him a piece of real property in Glastonbury, Connecticut (the Property). They delivered possession to him on or about that date. They signed a written contract (the Contract) to that effect on or about November 14, 1990.
The Contract called for payment of a $200,000 purchase price on or before September 22, 1992 with interest to be paid monthly before that date. Defendant was also to make monthly payments of expenses. Plaintiffs under the contract could not transfer or encumber the Property. The Contract also provided that in the event of default "the unpaid balance of the price shall, at the option of the sellers, be and become due and payable on demand . . .". The purchase price of $200,000 was not due until September 22, 1992 unless accelerated on a default at the plaintiffs' option.
Defendant defaulted in February 1991 by failing to make the monthly payments of interest and expenses. Plaintiffs gave defendant written notice of such default on July 29, 1991. The defendants failed to cure that default. On May 12, 1992 plaintiffs gave defendant notice of their exercise of their contractual right to declare the entire purchase price due and payable. On October 30, 1992 defendant returned possession of the Property to plaintiffs. The plaintiffs then sold the Property on March 31, 1993.
The court (Satter, J.), on January 25, 1993, granted summary judgment for plaintiffs on the first count of the amended complaint (Breach of Contract count).
The question before the court is, what is the date from which damages shall be calculated? The parties suggest the following five possibilities:
February 1991: Defendant in default of CT Page 10247 Contract terms for failure to make monthly payments.
 July 29, 1991: Plaintiffs' letter confirming the default amount and referring to a desire to sell the Property.
 May 12, 1992: Plaintiffs' letter declaring entire purchase price due and payable.
 October 30, 1992: Defendant returns possession of the Property Real Estate to plaintiffs.
March 31, 1993: Plaintiffs sell the Property.
The plaintiffs press the March 31, 1993 and the October 30, 1992 dates as the only possibilities while defendant points only to February 1991 and May 12, 1992.
Law
To begin to determine what damages have been sustained in a breach of contract action we must first establish the the date of the breach. Brookfield v. Greenridge, Inc.,177 Conn. 527, 538. After that is done the "standard measure of damages for a breach of a contract for sale is the difference between the contract price and the [fair] market value of the Property at the time of the breach." Williams v. Breyer, 21 Conn. App. 380, 384.
In regard to breaches, there are total and partial breaches. Sagamore Corporation v. Willcutt, 120 Conn. 315,319-320.
Although the parties have agreed that there are five (5) possible dates for the fixing of damages, the court, sua sponte, raises and razes a sixth. That would be "the time the contract was to be executed", i.e. September 22, 1992. Gray v. Greenblatt, 113 Conn. 535, 537; Makusevich v. Gotta, 107 Conn. 207, 210. "Executed" is the equivalent of "performed" for these purposes. Makusevich v. Gotta, supra 210. That date is not relevant for our situation because we have here an acceleration provision in CT Page 10248 the Contract. That provision was activated by the plaintiffs' letter of May 12, 1992. At that time the entire balance of the purchase price became due and payable. In that letter plaintiffs tendered a deed. This acceleration action is permitted by paragraph 10 of the Contract. The defendant did not respond at all. No specific time is mentioned in paragraph 10 for defendant to respond but the court infers that the parties intended "a reasonable time" of 60 days to search the title and arrange a closing. That would reduce the final date for performance by defendants to July 12, 1992. That is the date of the breach.
(1) February 1991
It was in this month that the defendant first failed to pay the monthly payments due under the Contract. That was certainly at least a partial breach but the parties' Contract contemplated notice of that default and later acceleration of the payment of the balance due. February 1991 was not the date of breach for our purposes.
(2) July 29, 1991
This date is when plaintiffs set out confirmation of defendant's default by letter. This letter changed nothing from the time of the February 1991 failure to pay through the exercise of the option to accelerate of May 12, 1992.
(3) May 12, 1992
This is the date from which the execution date is launched. On this date the entire purchase price became due within a reasonable time, i.e. within 60 days or on July 12, 1992. That is the date of the breach. Wells v. Abernathy, 5 Conn. 222, 227. That is the date when the Contract should have been executed. Bachman v. Fortuna,145 Conn. 191, 194. For our purpose of valuation, the July 12, 1992 is probably no different than May 12, 1992.
(4) October 30, 1992
On this day the defendant returned possession (with tenants in occupancy) of the real property to plaintiffs. CT Page 10249
Plaintiffs do not really argue that this is the date of breach but rather that it is the appropriate valuation date because that is when plaintiffs regained possession. It is not the date of breach.
(5) March 31, 1993
This is the sale date. It is not the date of breach, either total or partial. It is not the date of "default." It is after the breach or default. The evidence of events subsequent to the time of the breach is irrelevant. Gordon v. Indusco Management Corporation, 164 Conn. 272, 273-274. The fact that the value of the property may have increased or decreased in the interim between the time of the breach and the time of the sale is of no relevance. Levesque v. DM Builders, Inc. 170 Conn. 177, 183.
The Court does not now decide the question of attorney's fees, fair market value or interest, (See Wells v. Abernathy, supra 228).
N. O'Neill, J.